**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clarence Christian NELSON,
Defendant-Appellant.**

**No. 82–1163.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 1982.

Decided Nov. 9, 1982.

Frank A. Peters, Tacoma, Wash., for defendant-appellant.

James Moore, Asst. U.S. Atty., Tacoma, Wash., for plaintiff-appellee.

Appeal from the United States District Court for the Western District of Washington.

Before WRIGHT, HUG, and SCHROEDER, Circuit Judges.

HUG, Circuit Judge:

Nelson appeals his conviction on 13 counts including conspiracy and misapplication of bank funds. He argues that the district judge erred in entering judgment against him because the jury's verdicts were not unanimous. We reverse.

Nelson was the president of a small bank in Longview, Washington, when a grand jury returned a 13-count indictment against

---

him in January, 1982. Count I charged him with conspiring with several unindicted persons to defraud the bank through false statements and misapplication of bank funds; the remaining counts charged him with engaging in various specific instances of misconduct with each of these persons, primarily in violation of 18 U.S.C. §§ 656 and 1005.

At the conclusion of the jury's deliberations, the foreman passed to the court clerk a form indicating the jury had found Nelson guilty on all 13 counts. After the clerk announced the verdict, the judge ordered him to poll the jurors. When polled, each of the first ten jurors acknowledged the recorded verdicts as their verdicts and the verdicts of the jury. The eleventh juror, however, declared that she did not agree entirely with the verdict previously announced. The colloquy with the juror was as follows:

> THE CLERK: Miss Peterson, are the verdicts as read as to each count your verdicts and the verdicts of the jury?
> MERRY PETERSON: No.
> THE COURT: Your answer is no?
> MERRY PETERSON: I have doubt on the first three.

After the last juror had been polled, the judge ordered the jurors to return to the jury room. Once the jurors had left, Nelson's attorney moved for a mistrial. He argued that "there is obviously a flaw in the verdict, and if there is a flaw in a part there must be a flaw as to all counts." The judge indicated he did not believe this was the idea the juror had meant to convey. The prosecutor, opposing the mistrial motion, agreed with the judge. Although he conceded that no verdict had been reached yet on the first three counts, he also noted that "certainly there is no question on Counts 4 through 13." Without ruling on the mistrial motion, the judge ordered the jury to return to the courtroom.

Upon the jurors' return, the judge immediately sought to confirm juror Peterson's uncertainty as to the first three counts:

> THE COURT: Miss Peterson, when I asked you before, or when the clerk asked

you before if this was your verdict and the verdict of the jury, you said no.
> MERRY PETERSON: That is correct.
> THE COURT: All right, explain again to me why you say no.
> MERRY PETERSON: I could not find a guilty verdict on the first three counts in good conscience due to the evidence that I felt was put before me.
> THE COURT: All right, but the verdict is filled out on all of them as guilty.
> MERRY PETERSON: I had changed my vote just before we came in, but I could not stand behind this one poll.

Notwithstanding her expression of doubt, the judge accepted the guilty verdict on all 13 counts and excused the jury.

Nelson's attorney filed a timely motion for a new trial, alleging (among other things) that the judge erred in denying his motion for a mistrial. The judge subsequently denied the motion for a new trial, entered a judgment against Nelson on all 13 counts of the indictment, and imposed 13 concurrent five-year sentences. Nelson's attorney filed a notice of appeal that same day.

Nelson argues that the district judge, in accepting the jury's verdict when its decision was not unanimous on all counts, acted contrary to Rule 31(d) of the Federal Rules of Criminal Procedure and, therefore, erred in denying both the motion for mistrial and the motion for a new trial. The Government acknowledges that the judge acted improperly as to the first three counts against Nelson and admits the judgment should be reversed on those counts. Our inquiry thus focuses on whether the district judge erred in entering judgment on the remaining ten counts.

■ Rule 31(d) grants the judge or any party the absolute right to have the jury polled after it has returned its verdicts. *See United States v. Edwards,* 469 F.2d 1362, 1366 (5th Cir.1972). Although their jury room votes form the basis of the announced verdict, the jurors remain free to dissent from the announced verdict when polled. In short, "a jury has not reached a

valid verdict until deliberations are over, the result is announced in open court, and no dissent by a juror is registered." *United States v. Taylor,* 507 F.2d 166, 168 (5th Cir.1975).

In cases in which a juror dissents during the poll, Rule 31(d) provides "the jury may be directed to retire for further deliberations or may be discharged." Nothing in the rule permits the judge to ask the juror why he or she does not concur.

Indeed, such questioning would constitute an "undue intrusion" into the "exclusive province" of the jury. *See United States v. Thomas,* 449 F.2d 1177, 1181 (D.C.Cir.1971). Due process dictates that each defendant in a federal criminal case "has the right to have his guilt found, if found at all, only by the unanimous verdict of a jury of his peers." *Id.* The very act of questioning a dissenting juror exerts pressure on that juror to abandon his own view and conform his vote to the verdict as announced. Thus, "forcing a doubtful juror to state his verdict in the presence of the court, without further deliberation with other jurors, amounts to coercion and denies a defendant due process." *United States v. Edwards,* 469 F.2d at 1367. The district judge here violated Rule 31(d) both by continuing to question juror Peterson after she expressed her dissent and by accepting a verdict from which a juror had dissented.

The Government urges that the judgment against Nelson on the remaining ten counts of the indictment should be affirmed as a partial verdict because juror Peterson mentioned no objections to the announced guilty verdicts on those counts. The Government relies on *United States v. Ross,* 626 F.2d 77 (9th Cir. 1980). In *Ross,* we recognized that a trial court may accept a partial verdict on only one of two or more counts of an indictment and that it is also permissible for a court to accept a verdict on only one count of an indictment and then return the jury for further deliberations on the remaining counts, *id.* at 81.

However, nothing in *Ross* permits a conviction based upon an inference of a unanimous verdict. In this case, no unanimous verdict was rendered; one juror stated that the verdict as rendered was not her verdict. At that juncture, the only course of action available to the court was to dismiss the jury or to return them to the jury room for further deliberation. If, in fact, after further deliberation, the jury did arrive at a unanimous verdict on ten counts, but were unable to agree on three counts, and announced that verdict in open court, the district judge could then have accepted the partial verdict. However, continuing deliberations might well have shaken views on counts previously considered, or might have resulted in unanimity on all counts. Until the jury announced a partial verdict or a unanimous verdict on all counts, with no juror disavowing any part of that verdict, no judgment of conviction could be entered.

REVERSED and REMANDED for a new trial.