STATE of Missouri, Respondent,

v.

Larry R. HATCH, Appellant.

No. WD 37986.

Missouri Court of Appeals,
Western District.

Dec. 30, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 3, 1987.

Application to Transfer Denied
March 17, 1987.

Sean D. O'Brien, Public Defender, Bruce R. Anderson, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P.J., and MANFORD and BERREY, JJ.

BERREY, Judge.

Defendant was convicted by a jury of robbery in the first degree and armed criminal action. He was sentenced as a persistent offender to concurrent terms of ten and three years in the Missouri Department of Corrections. From this defendant timely appeals.

On October 11, 1984, defendant went to Hurd's Auto Service, 3313 E. 27th in Kansas City, Jackson County, Missouri. He talked with the owner, Oliver Hurd, and offered to sell him a circular saw and a gun. Hurd told the defendant he had no use for either item. This conversation lasted between five and ten minutes.

At this juncture the defendant pulled a chrome plated hammerless .38 pistol from his waistband and ordered Mr. Hurd to "just give me all your money." During this period defendant threatened to "blow Hurd's brains out." From the evidence it appears Hurd had known defendant, a neighborhood youth, for several years and watched him grow up, but did not know his name. He was, however, able to identify defendant.

During the robbery the phone rang and Hurd told defendant to let him answer it or someone would come in the office to get the phone. At this point the defendant opened the door and ran out.

■ For Point I defendant alleges the trial court erred in not declaring a mistrial or sending the jury back for further deliberation when a juror being polled answered in the negative when asked whether the verdict was her personal verdict. After the verdict was read, the following colloquy occurred:

MR. GIPSON: Yes, Your Honor. The Defendant would ask that the jury be polled.

THE COURT: Very well.

At the request of defense, I will ask each jury member the following question: Is the verdict just read by the Court your own personal verdict?

And as I call your name, I'll ask that you answer either yes or no to that question. I may call your name out of order, so bear with me here.

Sarah F. Franks.

VENIREPERSON FRANKS: No.

THE COURT: Am I calling from the wrong list? Are you Sarah Franks?

VENIREPERSON FRANKS: Yes. Would you read the question again?

THE COURT: The question is: The verdict I just read in this case, are they your own personal verdicts?

VENIREPERSON FRANKS: No.

THE COURT: In other words, you don't agree with the verdict that was read by the Court?

VENIREPERSON FRANKS: I do now.

MR. GIPSON: Your Honor, can we approach the bench?

THE COURT: You can have a seat for the moment, Mr. Gipson.

Either the verdict is your verdict or is not your verdict.

VENIREPERSON FRANKS: It is.

THE COURT: Is there any question in your mind about that?

VENIREPERSON FRANKS: No.

THE COURT: Why was it you said it was not your verdict in the first instance?

VENIREPERSON FRANKS: Well, I didn't feel that he was guilty to begin with.

THE COURT: To begin with. When you say that, what do you mean?

VENIREPERSON FRANKS: When we started our session.

THE COURT: Your deliberations?

VENIREPERSON FRANKS: Yes.

THE COURT: Did you change your mind?

VENIREPERSON FRANKS: Yes.

THE COURT: So what you are telling the Court is that—and I don't want to put words in your mouth, so please tell me what it is that you meant to say—either the verdict is your verdict or it is not your verdict.

VENIREPERSON FRANKS: It is my verdict.

The defendant alleges the trial court should have at this juncture declared a mistrial or sent the jury back for further deliberation relying on:

Rule 29.01(d):

**(d) Poll of Jury.** When a verdict is returned and before it is recorded the jury shall be polled at the request of any party or upon the court's own motion. If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberation or may be discharged.

The rule is silent on the subject of the trial court questioning of the jury. The defendant suggests that since nothing in the rule permits further inquiry by the trial judge such inquiry is not permissible. Defendant relies on *United States v. Nelson*, 692 F.2d 83 (8th Cir.1982), however, this case is distinguishable on the facts. The court in *Nelson* held that Rule 31(d) of the Federal Rules of Criminal Procedure prohibited further questioning of a juror as "undue intrusion" into the "exclusive province" of the jury. *Id.*, at 85. The court then held that when, one juror stated that the verdict as rendered was not her verdict, the only course of action available to the court was

to dismiss the jury or to return them to the jury room for further deliberation. *Id.* However, this is not the rule in Missouri. *State v. Jackson,* 522 S.W.2d 317, 321 (Mo. App.1975).

In *Jackson* there was colloquy between the jurors and the court. The court in *Jackson* said:

Questioning a juror in open court as to his decision need not be "inherently" coercive as defendant maintains; a distinction must be drawn between questioning a juror to alleviate some element of confusion and an attempt to compel a juror to change his or her vote or to coerce a unanimous verdict. *Amos v. United States,* 496 F.2d 1269, 1273[3] (8th Cir. 1974); *United States v. Edwards,* 469 F.2d 1362, 1367[7] (5th Cir.1972); *Williams v. United States,* [419 F.2d 740] *supra,* at 746[6, 7].

*Id.,* at 321. A reading of the exchange at bar does not indicate judicial coercion only the judge's efforts to clarify the jurors confusion.

The defendant next cites *State v. Harris,* 659 S.W.2d 565, 567 (Mo.App.1983). Here the juror was polled and said "no—I mean yes," and this colloquy then took place:

THE COURT: Is your answer no? That is not your verdict? Either it is or it isn't.

JUROR HUGHES: Yes.

THE COURT: I want you to understand I'm not putting pressure on you, this must be your verdict.

JUROR HUGHES: Yes.

*Id.,* at 566.

The court describes the exchange as follows:

The record indicates the court told Juror Hughes that the verdict was either hers or it was not and she replied "yes." The court further told Juror Hughes that it wanted her to understand that no pressure was being put on her, but that the verdict must be hers and in response to that Juror Hughes again said "yes."

*Id.,* at 567.

The court then noted that on "this record" it was apparent the trial court did not coerce the juror. The trial court clearly stated it was not putting pressure on the juror. It was obvious the court was attempting to clarify the matter and did not intimidate or coerce the juror.

■ From a thorough and complete reading of *Harris* and *Jackson,* it is plain that the trial judge may make inquiry in a genteel, polite, non-leading and non-coercive manner that will clarify a juror's response. Since Rule 29.01(d) does not deny the trial court the right to inquire and determine if, in fact, there is a lack of unanimity, the trial court is not denied the right to engage in such a inquiry. Point I is denied.

■ The defendant claims the court erred by giving MAI–CR 1.02 and 2.20. The defendant alleges these instructions improperly define reasonable doubt and therefore reduce the state's burden of proof. This point has been frequently raised of late and has been repeatedly rejected by our appellate courts. *State v. Turner,* 705 S.W.2d 108 (Mo.App.1986). "Once a pattern instructions has been adopted by the Missouri Supreme Court, the Appellate Courts are powerless to declare the instructions erroneous." *Id.,* at 110.

The complained of instructions are, in fact, mandatory and follow the dictates of § 546.070(4), RSMo Cum.Supp.1984, and must be given in all criminal proceedings. MAI–CR2d 2.20, Notes on Use 2; Rule 28.02(a). In MAI–CR2d 1.02 the Notes on Use (1) and (3) provide that the court: (1) must read to the jury MAI–CR 1.02 before voir dire examination, Rule 28.02(a); and (3) the burden of proof instruction included herein is the same as MAI–CR 2.20. Defendant's Point II is denied.

Judgment affirmed.

All concur.