**Stacey E. SIMPSON, Plaintiff–Appellant,**

v.

**DARWIN LEE STJERNHOLM, D.C., Defendant–Appellee.**

No. 97CA0095.

Colorado Court of Appeals, Div. III.

Sept. 3, 1998.

Rehearing Denied Oct. 1, 1998.

Certiorari Denied April 19, 1999.*

* Justice KOURLIS would grant as to the following issue:

Whether the court incorrectly concluded that the trial court conducted an impermissible inquiry of

John A. Cimino, P.C., John A. Cimino, Terry Cimino, Denver, Colorado, for Plaintiff–Appellant.

Hall & Evans, L.L.C., Alan Epstein, Michael W. Jones, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge BRIGGS.

Plaintiff, Stacey E. Simpson, appeals the judgment entered on a jury verdict in favor of defendant, Darwin Lee Stjernholm, D.C. The sole issue raised is whether reversible error occurred in the proceedings that followed a juror's response during polling. We reverse and remand for a new trial.

Plaintiff initiated this action claiming that she suffered injuries as the result of a spinal manipulation she received from defendant. At trial, the jury returned a written special verdict in favor of defendant. Although not requested to do so by either party, the trial court polled each juror.

When the court questioned the fifth juror, the following exchange took place:

The Court: [Juror 5], was this and is this your individual verdict?

Juror: No.

The Court: Are you saying ... that the foreperson of the jury has incorrectly reported your deliberations?

Juror: No.

The Court: Can you tell me *why* this was not your individual verdict? (emphasis added)

Juror: I believe that the Plaintiff was injured, and I believe that as a result of the Defendant's manipulation, her preexisting

a juror during the polling process, thereby com- pelling a new trial.

situation was worsened, but I don't know that I necessarily believe that was proved.

The Court: Did you vote on the verdict which has been returned?

Juror: Yes, I did.

The Court: [Juror 5], I guess I'm surprised then, if you are telling me that you do not wish to return this verdict, then I guess you should not have voted for it and put your name on it.

Juror: Well, as I understood, when we were in deliberation, the other jurors made me see that based on the way that everything is written in that document, and on the evidence, the Plaintiff wasn't actually able to prove that he was the one that caused her injuries.

The Court: All right. Do you wish to adhere to the verdict and vote with the other jurors for the return of Special Verdict Form A?

Juror: I don't think I have a choice, do I?

The Court: Yes, ma'am, you do have a choice, which is to stay with your original beliefs if you were not persuaded by the other jurors' arguments. I think you folks need to go back into the jury room and talk this over for a few minutes and come back and tell me whether or not you wish to deliver this verdict.

Out of the presence of the jury, plaintiff's counsel argued that it was improper to cross-examine the juror or to delve into the juror's "mindset." Rather, counsel maintained that once the court polled the juror, the court had served its function and the inquiry should stop there. Accordingly, plaintiff's counsel requested a mistrial.

The trial court denied the motion. It acknowledged that, because of the juror's contradictory remarks, the court had not accepted the jury's verdict as unanimous. However, its initial reaction from the questioning that had taken place was that the jurors should be given an additional instruction asking them to confer and vote again. The court took a short recess and suggested that counsel see if they could agree on the instruction.

After the recess, the court had the bailiff state on the record that the juror in question had asked if she could speak privately with the judge. At the court's direction, the bailiff had told the juror that she could not.

At this point, the court decided that, instead of giving an additional instruction, it would call the jury back and "make further inquiry of [the juror] to find out if she wishe[d] to adhere to her previous answers." Over plaintiff's objection, the court again questioned the jury:

The Court: [Juror 5], please understand there's no pressure whatsoever on you to change your previous decision or to do something that you are not comfortable with under your oath as a juror. Are your answers to the questions I asked of you regarding your vote in the jury's verdict still the same?

Let me go through it again. What I need to find out is not what you would have done as an individual juror or individual trier of fact acting by yourself. I need to inquire whether or not you have voluntarily agreed with the other jurors to render the verdict which has been submitted to the Court, Special Verdict Form A.

Juror: Based on the information that I had and the packet that we were supposed to read and the jury instructions, I signed the paper, and I have to go along with what I signed.

The Court: Is this a voluntary vote on your part?

. . . .

Juror: What would be involuntary?

The Court: I'm sorry?

Juror: No one is holding a gun to my head, so it may not be what I feel, but based on the evidence, I signed the paper, based on the evidence.

The court then permitted counsel to examine the juror. During questioning by plaintiff's counsel, the juror stated that, when she had said the verdict was not hers, she felt strongly about it but, at the same time, she

had not felt there was evidence "to go with the plaintiff," and "everyone at the end agreed that, based on the evidence, they weren't convinced that [defendant] did anything to hurt [plaintiff]."

When plaintiff's counsel asked the juror if she would agree to go back and deliberate further, the court interrupted, indicating it was "uncomfortable" with going further. The court did not wish to explore further the thought processes on the part of the jury.

Defense counsel next inquired whether the juror thought "perhaps" the treatment had hurt the plaintiff. Plaintiff's counsel objected, and the court agreed it did not want "to get into the substantive issues."

At this point, another juror asked permission to speak and the following exchange took place between the two jurors:

> Other juror: When we got back to the jury room, she [thought] she misunderstood what you were saying. She spoke to us that she signed the paper and she agrees with what she signed. Whether we like it or not, that's what I hear her saying, and I don't mean to put words in your, I hear her saying, she doesn't like it, but she agrees with the paper.

> Juror 5: Because we're supposed to uphold the law of the paper.

Plaintiff's counsel interjected that he was very "uncomfortable with this." He noted the juror was "looking at counsel."

The court responded that it did not want to hear any more. It then once more asked Juror 5 if she wished to adhere to the verdict signed. She responded, "Yes." The court asked if the juror was doing so voluntarily and the juror again responded, "Yes."

However, plaintiff's counsel asked that the record reflect the juror was "rolling her eyes" after she gave the responses. The court again responded that it did not want to hear anymore. It accepted the verdict as unanimous and dismissed the jury.

Plaintiff filed a motion for new trial on the basis that the jury verdict was not unanimous and that there had been juror misconduct. Attached to plaintiff's motion was Juror 5's affidavit, which included the following

statement: "I honestly answered that the verdict was not my verdict. This is still true and we were never told by the court to return to the jury room to deliberate."

Because the trial court did not rule on plaintiff's motion, it was deemed denied pursuant to C.R.C.P. 59(j). This appeal followed.

Plaintiff contends the trial court erred in not granting a new trial. In the circumstances presented here, we agree.

■ Pursuant to C.R.C.P. 47(s): "If all the jurors do not concur in the verdict, the jury may be again sent out, or may be discharged." The supreme court has confirmed that, under this rule, when confronted with a verdict that is not unanimous, the trial court has only two choices: either send the jury out for further deliberations or discharge it. *Neil v. Espinoza*, 747 P.2d 1257 (Colo.1987).

■ While the rule appears clear, difficulty arises when a juror's response is equivocal, ambiguous, or otherwise unclear. *See generally* M. Greene, *Juror's Reluctant, Equivocal, or Conditional Assent to Verdict, on Polling, as Grounds for Mistrial or New Trial in Criminal Case*, 25 A.L.R.3d 1149 (1969). Neither the supreme court nor this court has yet addressed whether C.R.C.P 47(s) should be construed to permit a trial court to make additional inquiries to clarify a juror response during polling and, if so, to what extent.

■ When interpreting a state rule of procedure, we may look to a similar federal rule and related case law for guidance. *Furlong v. Gardner*, 956 P.2d 545 (Colo.1998). Although the Federal Rules of Civil Procedure do not contain a direct counterpart, C.R.C.P. 47(s) is substantially similar to Crim. P. 31(d), which does have a federal counterpart. *See* Fed.R.Crim.P. 31(d)("If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberations or may be discharged.").

In *United States v. Edwards*, 469 F.2d 1362, 1366 (5th Cir.1972), a juror being polled stated that the verdict was hers but that she was "still in doubt." Once the poll was completed, defense counsel moved for a mistrial

or in the alternative that the jury be directed to retire for further deliberations.

The trial court asked the juror again whether the jury's verdict was her verdict. This time the juror answered with a simple, "Yes."

Defense counsel reiterated that the juror had said it was her verdict but had said she was in doubt. The court responded that the juror had said it was her verdict and asked the juror if that was correct. Again, the juror answered, "Yes." The court accepted the verdict and denied defense counsel's motion.

On appeal, the Fifth Circuit concluded the judgment of conviction must be reversed. The court found that the juror's responses did not clearly indicate jury unanimity, and it concluded that forcing a doubtful juror to say more in the presence of the court, without further deliberation with other jurors, amounted to coercion:

> [Our] holding ... is that where a poll indicates a lack of unanimity the trial court must refrain from attempting to extract unanimity by questioning from the bench and must either order the jury to retire for further deliberations or dismiss them.

*United States v. Edwards, supra,* 469 F.2d at 1367; *see also United States v. Nelson,* 692 F.2d 83 (9th Cir.1982)(additional questioning constitutes an undue intrusion into the exclusive province of the jury; the very act of questioning a dissenting juror exerts pressure on that juror to abandon his or her own view and conform to the verdict announced).

We further note that CRE 606(b) precludes the admission into evidence of juror testimony regarding the deliberations and mental processes of the jurors in determining the validity of a verdict:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may

testify on the question whether extraneous prejudicial information was improperly brought to bear on any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

■ The restrictions imposed by CRE 606(b) are intended to promote freedom of deliberation by the jury, stability in the judicial process, finality of verdicts, and protection of jurors against annoyance, embarrassment, and coercion. *See Neil v. Espinoza, supra; Reifschneider v. City & County of Denver,* 917 P.2d 315 (Colo.App.1995); *see generally* 3 D. Louisell & C. Mueller, *Federal Evidence* §287 at 121 (1979). As the United States Supreme Court has noted: " 'The influence of the trial judge on the jury is necessarily and properly of great weight,' and jurors are ever watchful of the words that fall from [the judge]." *Bollenbach v. United States,* 326 U.S. 607, 612, 66 S.Ct. 402, 405, 90 L.Ed. 350, 354 (1946).

Nevertheless, relying on cases such as *Lattisaw v. State,* 329 Md. 339, 619 A.2d 548 (Md.1993), defendant urges us to construe C.R.C.P 47(s) to permit at least brief, polite questioning of a juror that does not violate CRE 606(b), in order to clarify a response that is ambiguous or equivocal. *See also United States v. Hernandez–Garcia,* 901 F.2d 875, 877 (10th Cir.1990) (judge may attempt to clear up uncertainty when a juror "gives an uncertain or equivocal answer"); *cf. United States v. Edwards, supra,* 469 F.2d at fn. 5 (recognizing an even more limited exception to the bar of questioning from the bench in cases in which a juror appears "confused" about the questions asked during the poll); *State v. Tennant,* 173 W.Va. 627, 319 S.E.2d 395 (W.Va.1984).

Under the circumstances at issue we need not determine whether C.R.C.P 47(s) should be construed to permit additional questioning when a juror appears confused or a juror's response is otherwise ambiguous or equivocal. Initially, we note that, even if we were to assume limited questioning were permissible when a juror's response is in some way unclear, in this case the juror's initial response when asked if this was her verdict

was clear and unequivocal: *"No." See Sincox v. United States,* 571 F.2d 876 (5th Cir. 1978)(when response is clear, there is no third option); *State v. Conway,* 740 S.W.2d 320 (Mo.Ct.App.1987)(when response is unequivocal, judge must declare a mistrial or direct the jurors to deliberate further).

More importantly, even if we were further to assume the court could properly have inquired further at least to determine whether the juror in giving the clear response was confused, the examination here went beyond brief, polite questioning consistent with CRE 606(b). By engaging in extended questioning as to why the juror had said the verdict was not hers, the court, and counsel, improperly delved into the deliberations and mental processes of the jurors and risked unduly influencing the juror to conform to the signed verdict. *See United States v. Edwards, supra; United States v. Nelson, supra; see also Bruce v. Chestnut Farms–Chevy Chase Dairy,* 126 F.2d 224, 225 (D.C.Cir.1942)("It is both unwise and undesirable that the court should enter into an argument with the juror or require an explanation of his change of position. To an even greater degree is it improper to allow counsel to interpose and question the reasons or motives of the juror in changing his mind."). Hence, the judgment cannot be sustained. *See State v. Conway, supra* (regardless whether juror was in fact coerced, integrity of verdict was tainted and it should not have been accepted).

Because the other issue raised by plaintiff on appeal is not likely to arise on retrial, we do not address it.

The judgment in favor of defendant is reversed, and the cause is remanded for a new trial.

Judge PLANK and Judge CASEBOLT concur.