John THOMAS, Petitioner—Appellant,

v.

Edward S. ALAMEIDA, Jr., Warden, Director, California Department of Corrections; et al., Respondents—Appellees.

No. 03–15787.

D.C. No. CV–02–01840–CRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2004.

Decided Feb. 25, 2004.

Ted W. Cassman, Cooper, Arguedas & Cassman, Emeryville, CA, for Petitioner–Appellant.

Morris Beatus, Deputy Atty. Gen., Violet May Lee, AGCA–Office of the California, Attorney General (SF), San Francisco, CA, for Respondents–Appellees.

Before GOODWIN, TASHIMA, and CLIFTON, Circuit Judges.

MEMORANDUM *

California state prisoner John Thomas petitioned for a writ of habeas corpus, under 28 U.S.C. § 2254, after his convictions on charges of continuous sexual abuse of a child, and lewd and lascivious acts with a child under the age of 14, were affirmed on appeal. The district court denied the petition. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We affirm.

The provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA")

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

apply because Thomas's habeas petition was filed after the act's effective date of April 24, 1996. *See Rios v. Rocha,* 299 F.3d 796, 799 n. 4 (9th Cir.2002). Under AEDPA, a habeas corpus petition cannot be granted unless the state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law" or (2) "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1), (2). A state court decision is contrary to clearly established federal law if "the state court arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decide[d] a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Ninth Circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law. *Duhaime v. Ducharme,* 200 F.3d 597, 600–01 (9th Cir. 1999).

The California Court of Appeal's conclusion that the jury experiment did not improperly influence the verdict was not contrary to or an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented. The jury experiment did not have a "substantial and injurious effect or influence in determining the jury's verdict" with respect to counts 1 through 6. *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). The misconduct alleged in counts 1–6 did not involve the board, and the misconduct alleged in counts 1–4 did not involve Marcus M. at all, although he may have witnessed it. The jurors who testified at the hearing specifically stated that the jury had reached a verdict with respect to counts 1–6 prior to conducting the easel experiment.

Though a jury's verdict is not final "until deliberations are over [and] the result is announced in open court," *United States v. Nelson,* 692 F.2d 83, 84–85 (9th Cir.1982) (citation omitted), courts may consider "whether the [extrinsic] material was introduced *before* a verdict was reached" in determining whether the material was prejudicial as to a particular count. *Sassounian v. Roe,* 230 F.3d 1097, 1109 (9th Cir.2000) (emphasis added). Indeed, the "timing of the jury's discussion of the improper evidence" can be "critical." *Id.* at 1110.

It is highly speculative to presume that in the absence of the experiment, the jurors would have doubted Marcus M.'s credibility to such an extent as to demand a re-vote on counts 5–6, which the jury had already concluded were supported by the evidence offered at trial. Even without the experiment, the jury could have relied on Marcus M.'s diagram offered at trial and the general nature of his testimony to find his account of the incidents credible. Moreover, there is little to support the claim that the jurors would have transferred their doubts regarding Marcus M. to counts 1–4 involving the other victims. The jury found unbelievable Thomas's theory that 12–year old Marcus M. induced the other minor witnesses to fabricate and publicly disclose charges of molestation in an attempt to frame Thomas. It is highly unlikely that any lingering confusion regarding Marcus M.'s testimony concerning the board would have altered the jurors' perception of the other minor witnesses.

The California Court of Appeal's conclusion that the jury experiment did not improperly influence the verdict therefore withstands scrutiny under AEDPA.

**AFFIRMED**