**Mark GESSE, Plaintiff–Appellant,**

v.

**Robert HERNANDEZ, RJ Donovan Correctional Facility, San Diego, CA, Respondent–Appellee.**

No. 07–55756.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 2009.

Filed Aug. 28, 2009.

Robert Ernest Young, Law Offices of Robert E. Young, San Francisco, CA, for Plaintiff–Appellant.

Lilia Garcia, Esquire, Supervising Deputy Attorney General, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: NOONAN, SILVERMAN and BEA, Circuit Judges.

### MEMORANDUM *

Mark Gesse appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We AFFIRM.

A jury does not reach a valid verdict until deliberations have ended, the decision is announced in open court, and no juror registers his or her dissent. *United States v. Nelson,* 692 F.2d 83, 84–85 (9th Cir. 1982). At no time did the jury announce a not guilty verdict on the second degree murder charge in open court.

Having been informed of the failure of jurors to deliberate in good faith, the court appropriately re-instructed the jury on their deliberation duties, clearly stating its reason for giving the further instructions. No evidence in the record suggests an effort by the court to exert influence upon the jury to reach a verdict. A trial judge is fully within his or her bounds to admonish jurors to consider the views of their fellow jurors, as long as the judge also clearly stated that the final decision each juror reaches must represent his or her own view. *See Allen v. United States,* 164 U.S. 492, 501–502, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

█ Inability to agree on a final verdict is a "prototypical example" of judicial declaration of mistrial. *See Oregon v. Kennedy,* 456 U.S. 667, 672, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). Reviewing courts accord significant deference to trial judges in their decision to declare a mistrial. *See Arizona v. Washington,* 434 U.S. 497, 510,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

98 S.Ct. 824, 54 L.Ed.2d 717 (1978). The jury, which had been in deliberations for three days, informed the court that it was deadlocked, with a seven to five vote. Eleven of the twelve jurors felt it unlikely that further deliberation would resolve the differences to the degree where the panel would reach agreement. It was reasonable for the trial court to declare a mistrial and for the state courts to consider the trial court actions as neither contrary to, nor an unreasonable application of, clearly established law. 28 U.S.C. § 2254(d).

Because a mistrial was declared based on the jury's inability to reach a verdict on the second degree murder charge, Gesse could properly be subjected to a second trial on that count. *Richardson v. United States*, 468 U.S. 317, 324, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984).

■ *The evidence of second degree murder.* Gesse is not entitled to habeas relief on grounds of insufficient evidence of malice as substantial evidence supported his conviction. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The government showed:

(1) Gesse and Tauer fought each other in a small boat, fell off, and then both got back on to the boat.

(2) Gesse told his brother that he had knocked Tauer down, hitting him so hard that Gesse "thought he wasn't going to be able to get up for a while." When asked if he had "pretty much control" when the two men got back on to the boat, Gesse told the police "yes."

(3) Tauer then ended up in the water.

(4) Gesse dumped Tauer's gear overboard.

(5) Gesse kept silent until Tauer's body was found, then told inconsistent stories about the events.

The jury had to consider four possible causes for Tauer's death: accident; voluntary action by Tauer; manslaughter; or second degree murder. Noting Gesse's consciousness of guilt, the jury rationally rejected the first and second alternatives.

As the jury did not believe Gesse's testimony that Tauer left the boat voluntarily, the jury rationally concluded Gesse was responsible. Gesse himself testified that he had subdued Tauer, and thus a reasonable juror could have concluded that whatever provocation might have once existed had come to an end. To force a beaten man into ocean water at night in February at a point one mile from shore is an act dangerous to his life and shows a conscious disregard for his life. *See People v. Dellinger*, 49 Cal.3d 1212, 1218, 264 Cal.Rptr. 841, 783 P.2d 200 (Cal.1989) ("[Second] degree murder based on implied malice has been committed when a person does an act, the natural consequences of which are dangerous to life, which act was deliberately performed by a person who knows that his conduct endangers the life of another and who acts with conscious disregard for life.") (citation omitted) (brackets in original). On the basis of his forcing Tauer overboard without provocation, a rational jury could convict Gesse of second degree murder. The California Court of Appeals did not err in affirming his conviction.

AFFIRMED.

SILVERMAN, Circuit Judge, dissenting:

In 1991, Gesse and Tauer went out on a boat and got into a fight. Only Gesse returned. A few days later, Tauer's body washed ashore. The autopsy established that the cause of death was drowning; it revealed no other injuries to Tauer (no signs of a struggle or foul play) and also that Tauer had a blood alcohol level of .16.

Over seven years later, Gesse was charged with first-degree murder. After an acquittal on first-degree murder and a hung-jury on lesser degrees of homicide, Gesse was retried and ultimately convicted of second-degree murder.

The only living witness to what happened on the boat was Gesse. How, then, did the state prove not only that Gesse *killed* Tauer but that he did so *with "implied malice"* as opposed to, say, by accident or on a sudden quarrel or provocation? The state admits that it doesn't really know how Tauer wound up in the water. The state speculates that he either fell in or was pushed, but the indisputable fact is that the prosecution's theory is nothing more than a theory. Because Tauer had an injured shoulder, the state conjectures that Tauer would not have jumped into the water and tried to swim ashore. But in making its surmise, the state does not account for the fact that Tauer was drunk, had stopped wearing his sling, was seen carrying two six packs of beer earlier that day, and never claimed to anyone that he could not swim with his injured shoulder. The critical point is not whether Tauer *really* could swim with an injured shoulder, but whether he was sober enough to recognize his limitations, especially since his arm was apparently feeling better. In formulating its theory, the state simply ignores this. Nor does it account for the possibility that Tauer jumped into the water after the fight ended, never intending to swim ashore, but just to get away from Gesse for awhile.

It is true that over the seven years in which this case remained "unsolved," Gesse made some inconsistent statements about what had happened. The general theme of his story remained constant—that he and Tauer had gotten into a fight and Tauer jumped into the water of his own accord. However, over the years, inconsistencies in some of the details emerged. The jury was well within its rights to draw adverse inferences from this. But these inferences are just as probative of manslaughter as they are of murder and do not shed any light on whether Gesse acted with malice or with a less culpable mental state. In *Juan H. v. Allen,* 408 F.3d 1262, 1277 (9th Cir.2005), we granted habeas relief due to insufficient evidence to support the petitioner's first-degree murder conviction, despite evidence that the petitioner had made false statements to police. We rejected as "bare conjecture" the state court's conclusion that the untrue statements reflected a "consciousness of guilt" to prove the petitioner's mental state. *Id.* Just as the false statements in *Juan H.* did not show that Juan acted with intent to aid and abet the killing, Gesse's inconsistent statements do not prove that he acted with malice.

To repeat, Gesse's inconsistent statements are just as probative of a guilty conscience for having killed Tauer by accident and then failing to report it, or upon a sudden quarrel, as it is of a malicious killing. His statements, although probative of a consciousness of wrongdoing, do not as a matter of logic narrow the inquiry into what *degree* of wrongdoing. It is not enough that Gesse *might* have acted with malice. Malice must be proven beyond a reasonable doubt, not entertained as a mere possibility.

Two men went out on a boat. One came back, the other drowned. Gesse may well be guilty of something, but the state simply did not prove second-degree murder. I would reverse the district court's denial of habeas relief.