

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
v. ) No. SD35410
)
MATTHEW SCOTT O'LEARY, ) **Filed:  April 16, 2019**
)
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF BARRY COUNTY

Honorable Alan M. Blankenship

## **AFFIRMED**

In a single point on appeal, Matthew Scott O'Leary ("Defendant") claims the trial

court "erred or plainly erred" in accepting the verdicts finding him guilty "on both

counts" (respectively, the lesser-included offenses of second-degree rape and second-

degree sodomy[1]) because when the jury was polled, one juror's ("Juror 30") response of

"I did agree" indicated either that she had changed her mind or was "coerced into

---

[1] S*ee* sections 566.031 and 566.061.  Defendant surreptitiously recorded the sexual assaults on his iPod, and that recording was played for the jury during his trial.  Defendant does not challenge the sufficiency of the evidence supporting his convictions.  Unless otherwise indicated, all statutory citations are to RSMo, Noncum. Supp. 2014.

accepting the verdict[2] by the trial court's questioning." Finding no merit in that claim, we affirm.

Defendant was charged with rape in the first degree ("Count One") and sodomy in the first degree ("Count Two"). The jury was instructed on those charges as well as the lesser-included offenses of rape and sodomy in the second degree. After deliberating, the jury found Defendant guilty of the lesser-included offenses. After the verdicts were read, Defendant asked the trial court to poll the jury, and the following exchange occurred:

BY THE COURT: [Juror 30], is this your verdict as to Count One?

JUROR 30: My heart is beating too fast. I am confused. I still have some questions, because I felt like there wasn't enough questions given to [Victim], [Victim], as to – we had talked about it, the Jury talked about it.

BY THE COURT: Is this the verdict that you have agreed to, to Count One?

JUROR 30: I did agree.

BY THE COURT: Okay. And is this your verdict that you agreed to to Count Two?

JUROR 30: I did.

Defendant did not voice any complaint about the sufficiency or clarity of the responses given by Juror 30. After the trial court finished polling the jury, it accepted the verdicts and proceeded to the sentencing phase of the trial. After the sentencing phase was completed, and the jury was deliberating upon its recommended sentences, Defendant objected to the trial court's earlier handling of the jury polling. Specifically, Defendant's complaint was,

---

2 Although it has no effect on our resolution of his point, we presume, *arguendo*, that Defendant's use of the term "verdict" in the singular was a typographical error and that he is challenging both convictions in this appeal.

> Judge, I'm aware this might be late, but when the Court was polling the Jury following their verdict in phase one, the guilt phase, Juror 30 had made some statements about what she thought of the verdict. I guess I'm going to object to the Court moving forward with the verdict rather than ordering the Jury to return to deliberate.

The trial court overruled the objection, noting "that basically she was asked, after she made such a significant statement, did you – is this the verdict you agreed to, and she acknowledged in each instance, with both counts, that yes, it is. Then she held by her verdict."[3]

Defendant first argues that the trial court did not protect his right to a unanimous verdict and "[t]his Court should find that Juror 30 did not indicate that Juror 30 concurred with the verdict at the time the [trial] court accepted it. It is clear that Juror 30 may have had some reservations about whether [Defendant] was guilty."

Rule 29.01(d)[4] allows any party to request a poll of the jury and "[i]f upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberation or may be discharged." "Clearly, this procedure contemplates and intends that an individual juror (if polling takes place) can change his or her mind and refuse to accede to the previously apparent unanimous verdict, whether guilty or not guilty." ***State v. Schumacher***, 85 S.W.3d 759, 762 (Mo. App. W.D. 2002). When first questioned "[is] this your verdict as to Count One?[,]" Juror 30 expressed confusion and stated that she had wanted to hear more from Victim. When the trial court responded, "Is this the verdict that you have agreed to, to Count One?[,]" Juror 30 said "I did agree." When asked if she agreed to the verdict on Count Two, Juror 30 responded, "I did."

---

[3] The jury returned with a recommended sentence of three years' imprisonment for rape in the second degree and one year in the county jail for sodomy in the second degree. The trial court imposed the sentences in accordance with the jury's recommendation and ran them concurrently.

[4] All rule references are to Missouri Court Rules (2018).

3

Defendant argues that Juror 30's response indicates only that she agreed with the verdict sometime in the past, and it did not necessarily indicate that she "currently concurred with the verdict." Defendant argues that Rule 29.01(d) and its related case law require that "polled jurors must accede to the verdict at the time of polling." The argument does not aid Defendant because Juror 30 never stated that she did not agree with the verdicts. The trial court could reasonably find that nothing in her responses indicated that she did not agree to the verdicts, intended to change her mind, or refused to accede to the unanimous verdicts.[5]

Defendant next argues that "[e]ven if this Court finds the trial court did ensure the verdict was unanimous by polling, then this Court should nevertheless find that the trial court coerced the verdict[.]"

> A coerced verdict does not represent the jury's true unanimous concurrence. *State v. Conway,* 740 S.W.2d 320, 323 (Mo.App. E.D.1987). However, questioning a juror in open court need not be inherently coercive. *State v. Frederick,* 783 S.W.2d 469, 472 (Mo.App. W.D.1990); *State v. Jackson,* 522 S.W.2d 317, 321 (Mo.App.1975). A reviewing court must distinguish between a trial court's effort to eliminate confusion and its attempt to compel a juror to change his vote or to coerce a unanimous verdict. *Id.* Where a juror's uncertainty results from confusion rather than dissent, a trial court may question him to obtain clarity. *Jackson,* 522 S.W.2d at 322. A court may make inquiry "in a genteel, polite, non-leading and noncoercive manner that will clarify a juror's response." *State v. Hatch,* 724 S.W.2d 643, 645 (Mo.App. W.D.1986). A trial court errs if it continues to question a juror after that juror's answers clearly evince disagreement with the verdict. *Frederick,* 783 S.W.2d at 472. In evaluating the polling procedure, an appellate court must give deference to the views of the trial judge who was present at the scene on whether the juror's ultimate acquiescence in the verdict was free from pressure from the court. *Jackson,* 522 S.W.2d at 322.

**State v. Dodd**, 10 S.W.3d 546, 552 (Mo. App. W.D. 1999).

---

[5] The trial court was in the best position to determine whether Juror 30's responses indicated any current disagreement with the verdict, and we will not second-guess that determination on a cold record. If the trial court believed that Juror 30's responses indicated that she no longer supported her vote, it could have asked additional clarifying questions.

4

Defendant claims that the absence of an attempt by the trial court to alleviate Juror 30's confusion made it "clear the [trial] court was attempting to coerce a unanimous verdict." He further claims that the trial court "in a leading, non-genteel, and dismissive fashion, bulldozed over [Juror 30's] concerns and asked again whether the juror did agree with the verdict[.]" The cases Defendant cites in support of his argument are inapposite because they deal with situations in which the juror at issue answered "no" to the question of whether the verdict was his or her verdict. Thus, the issue in those cases was the manner in which the respective trial courts inquired about a juror's expressed dissention. *See Hatch*, 724 S.W.2d 643, and *Jackson*, 522 S.W.2d 317.

Here, Juror 30 never voiced disagreement with the verdicts. Instead, as Defendant concedes, Juror 30 said she was "confused." In an attempt to clarify whether her confusion constituted disagreement with the verdict, the trial court reasonably asked Juror 30 again whether the guilty verdicts on Count One and Count Two were her verdicts. As in *Frederick*, Juror 30's initial answer indicated confusion, not dissent, and the trial court's question was intended to clarify, not coerce, actions that "comport with the standards governing the conduct of a trial judge who must question a juror regarding [a] verdict." 783 S.W.2d at 472.

"A verdict can only be considered coerced when it appears, under the totality of the circumstances, that the trial court was virtually mandating that a verdict be reached, and by implication, it would hold the jury until such occurrence." *State v. Miller*, 531 S.W.3d 91, 94 (Mo. App. S.D. 2017) (quoting *State v. Evans*, 122 S.W.3d 731, 734 (Mo. App. S.D. 2003)). The trial court's actions here "do not, by any reasonable view, amount to a virtual mandate that a verdict be reached." *Id.*

5

Defendant's objection to the trial court's interaction with Juror 30 was neither timely nor specific. He did not object to the trial court "moving forward with the verdict rather than ordering the Jury to return to deliberate" until the jury had heard additional testimony from two witnesses called by the State during the sentencing phase of the trial, some of which (along with the additional arguments by counsel) would not have been admissible during the guilt phase of the trial. It was only while the jury was deliberating upon its recommended sentences that Defendant finally made his objection. Even then, he failed to state a legal basis for his objection. *C.f.* ***State v. Knese***, 985 S.W.2d 759, 766 (Mo. banc 1999) ("To preserve an objection to evidence for review, the objection must be specific, and the point raised on appeal must be based upon the same theory") (quoting ***State v. Driver***, 912 S.W.2d 52, 54 (Mo. banc 1995)).

Under the circumstances present here, the trial court did not err, plainly or otherwise, in accepting the jury's verdicts. Defendant's point is denied, and his convictions are affirmed.


DON E. BURRELL, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

GARY W. LYNCH, J. – CONCURS