Glenn H. ROMINES, Jr. and Dorothy
Kathleen Romines,
Plaintiffs-Appellants,

v.

DONALD MAGGI, INC.,
Defendant-Respondent.

No. 12492.

Missouri Court of Appeals,
Southern District,
Division Two.

June 11, 1982.

Motion for Rehearing Overruled and To Transfer To Supreme Court Denied June 28, 1982.

---

Harold F. Glass, Schroff, Glass & Newberry, P. C., Springfield, Hubert E. Lay, Houston, for plaintiffs-appellants.

John A. Clayton, Routh, Thomas & Birdsong, P. C., Rolla, for defendant-respondent.

BILLINGS, Judge.

Plaintiffs sued defendant for property damage allegedly resulting from blasting operation conducted by defendant near property owned by plaintiffs. Trial was to a jury and plaintiffs contend the verdict form was incomplete and the court erroneously received the verdict and entered judgment for defendant. We affirm.

The parties have filed an agreed statement as to the record on appeal, pursuant to Rule 81.13, V.A.M.R. The pertinent part of the record is as follows:

"After deliberating forty-five minutes, the jury returned to the courtroom with Verdict form A on which someone had circled the words 'Defendant Donald Maggi, Inc.'. At that point, however,

none of the jurors had signed the verdict form.

"When the jury returned the following proceedings were had:

'THE COURT: Will the foreman please rise. Mr. Foreman, have you reached a verdict?

THE FOREMAN: We have.

THE COURT: Was this a unanimous verdict?

THE FOREMAN: Yes, it was.

THE COURT: May I see the attorneys, please.

THEREUPON, counsel approach the Bench, at which time proceedings were had out of the hearing of the record.

THEREAFTER, proceedings continued in open court as follows:

THE COURT: Mr. Bales, would you please just sign this as the foreman.

(The Foreman approaches the Bench and signs the verdict form.)

THE COURT: I will now read the verdict of the jury. 'On the claim of plaintiffs Glenn H. Romines, Jr., and Kathleen Romines, for the property damage against defendant Donald Maggi, Inc., we, the undersigned jurors, find in favor of the defendant, Donald Maggi, Inc.'

Thank you ladies and gentlemen of the jury.' "

Plaintiffs aver the verdict form was not completed in that the name of the party in whose favor the verdict was returned was not filled in on the designated blank as required by MAI 36.01 and MAI 2.04 and not signed by all of the jurors who agreed to it as required by said instructions. They also take the position that the court's request to Mr. Bales to sign the form as foreman constituted an impermissible oral instruction.

We first note that plaintiffs voiced no objection to the procedure followed by the trial court in receiving and entering the verdict. In *Cobb v. Cosby*, 416 S.W.2d 222 (Mo.App.1967), the jury's verdict failed to comply with Rule 71.06, V.A.M.R., in that it gave a lump sum verdict for personal inju-

ries and property damage, rather than stating separately the amount allowed for each. Defendant failed to make a timely objection and waited until judgment had been entered upon the verdict and then raised the question of the verdict violating the rule. In holding that the defendant waived any error, the court said at 225–226:

"Various Missouri cases speak in terms of the duty of court and counsel to cause the correction of defects in the verdict. [citation omitted]. Thus it is stated in *Cable v. Metropolitan Life Ins. Co.*, 233 Mo.App. 1093, 128 S.W.2d 1123, 1127: 'If the defendant had called the attention of the trial judge to any infirmity in the verdict at the time the verdict was returned, as it had right to do * * *, he could have returned the jury to its room to further consider the verdict. * * * It must be remembered this appeal is legally a charge that the circuit judge committed error prejudicial to the defendant. Manifestly, it would be unfair to convict such judge of an error on account of a ruling to which the defendant did not object at the time.' Further to the point of counsel's duty is *Johnson v. Girvin's Estate*, Mo.App., 370 S.W.2d 163, 167: 'It is the duty of a trial court to examine the verdict when it is returned; and, if such verdict is found to be insufficient as to form, ambiguous, or inconsistent, the court should require the jury to correct it * * *. *Needless to say, it is counsel's duty to call the attention of the court to any inconsistency or irregularity in such verdict.*'

\* \* \* \* \* \*

"In other jurisdictions, under similar circumstances, the failure of a defendant to object to the verdict has been denominated Waiver of the Objection and here plaintiff would have us hold that defendant waived any claim of error. Such in effect was the holding of the appellate court in *Bunch v. Crader*, supra, although the term 'Waiver' was not used in ruling the matter, and we find ourselves in accord with the holding of that court. *Having failed to make timely objection,*

*defendant cannot wait until judgment has been entered upon the verdict and then raise the question for the first time in his motion for new trial."* (Our emphasis)

■ Here, plaintiffs waited until they filed their motion for a new trial to question the procedure followed by the trial court in receiving and entering the verdict and entering judgment in favor of the defendant. Such inaction by plaintiffs amounted to a waiver of the complaints they now voice.[1]

■ Plaintiffs' motion for a new trial did not complain that the trial court's request to Mr. Bales constituted an oral instruction to the jury. Alleged instructional errors must be preserved for appellate review either by specific objections at trial or in the motion for new trial. Rule 70.03, V.A.M.R. As earlier noted, no objection was made by plaintiffs to the alleged "instruction" when the verdict was returned and was not assigned as error in plaintiffs' motion for a new trial. We, therefore, decline to consider the point. Rule 84.13, V.A.M.R.; *Pasley v. Newton*, 455 S.W.2d 43 (Mo.App. 1970).

The judgment is affirmed.

PREWITT, P. J., MAUS, C. J., and HOGAN, J., concur.

---

1. "(I)f from a consideration of the whole record the meaning of the jury can be made clear and the judgment is based upon what the jury actually found, it will be upheld." *Morse v. Johnson*, 594 S.W.2d 610, 616 (Mo. banc 1980). "Statutes requiring signatures are usually held directory to the extent that failure of the foreman to sign, when the objection on that ground is not made at the time, does not render the verdict void." *Soltesz v. J. H. Belz Provision Co.*, 260 S.W. 990, 994 (Mo.1924). Section 494.210, RSMo 1978, specifically authorizes the foreman of a civil jury to alone sign the verdict when it is rendered by the entire panel.