**STATE of Missouri, Respondent,**

**v.**

**Ronald CURRY, Appellant.**

**No. 49212.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 13, 1985.

Motion for Rehearing and/or Transfer
Denied Nov. 21, 1985.

Application to Transfer Denied
Jan. 15, 1986.

Henry B. Robertson, Public Defender, St. Louis, for appellant.

Christine M. Szaj, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

The state charged defendant Ronald Curry with two felonious narcotic sales. (§ 195.020) Count I charged defendant sold four capsules of heroin, this on October 24, 1983. Count II charged that on the next day, October 25, defendant sold two capsules of heroin.

The jury found defendant guilty on Count I but not guilty on Count II. The trial court sentenced defendant as a prior offender to ten years in prison. He appeals.

Here the defendant contends the trial court erred in denying a mistrial or continuance when the state's prosecuting witness revealed he knew the identity of an uncalled witness to the second incident. That did not concern Count I on which defendant was convicted; it concerned only Count II on which the jury found defendant not guilty.

We consider the effect of the not-guilty verdict on Count II. As ruled in *State v. Casey,* 338 S.W.2d 888[4, 5] (Mo.1960): The "verdict is the definitive answer given by the jury to the court concerning the matters of fact committed to the jury for their deliberation and determination." And, as ruled in *State v. Meinhardt,* 82 S.W.2d 890[9, 10] (Mo.1935): "Verdicts should be liberally construed in view of the intention of the jury and of the issues presented, and all reasonable presumptions are indulged to sustain a verdict."

Since defendant was fully exonerated by the not-guilty verdict on Count II, he was

in no way harmed by the challenged testimony which pertained to that count.

There being no challenge to the verdict on Count I the judgment on that count is affirmed.

KAROHL, P.J., and KELLY, J., concur.