**STATE of Missouri,
Plaintiff–Respondent**

v.

**Lance ETHERTON,
Defendant–Appellant.**

No. 54991.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 26, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 25, 1989.

Michael D. Burton, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Debra M. Miles, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from his convictions by a jury of burglary in the second degree and stealing over $150 and his resultant concurrent sentences on each count of three years imprisonment and $500 fines. We affirm.

Defendant makes no challenge to the sufficiency of the evidence to support his convictions. The evidence was sufficient to establish that on May 24, 1986, defendant and another broke into the Motor House, a motorcycle parts and repair store, and stole therefrom a large quantity of motorcycle parts.

Defendant raises as error two matters which he contends warranted a mistrial. The first occurred during the cross-examination of defendant. On direct examination defendant had given an extensive and somewhat improbable explanation of how the stolen merchandise had gotten into his possession and why his fingerprint was in the burglarized premises. The following examination then occurred:

"Q. Okay. Now these friends of yours they didn't come forward to the police, did they?

A. No.

Q. I have—

A. I never told them about it at first.

Q. Did you ever tell the police or tell anybody what you just told this jury?

A. I never told the police or anybody.

Q. Have you ever told anybody that you went to Motor House and you bought this motor?

A. No."

At that point an objection was made to the line of questioning. The court denied a request for mistrial but the questions and answers were ordered stricken. Defendant contends that the questions infringed on his constitutional right to remain silent and required a mistrial. We disagree. Initially it is to be noted that the objection came well after the first question and the answer thereto. As such it was untimely. *State v. Moss*, 700 S.W.2d 501 (Mo.App.1985) [1,2].

The rule which defendant invokes pertains to post-arrest silence following *Miranda* warnings. Under those circumstances it is to be reasonably presumed that defendant's silence constitutes an invocation of his right to remain silent and the invocation of that right cannot be utilized against him. The question here did not refer to post-arrest statements only nor to the police only. It came immediately upon the heels of a question and answer about friends of his who could verify his story never having been told his explanation for his possession of stolen property. The

question was not confined to post-arrest silence nor did it point to such silence. Had a proper objection been made immediately that portion of the question which might arguably have included improper post-arrest silence could have been removed from that which was proper cross-examination.

 The concept preventing use of silence by the defendant as an evidentiary base for a finding of guilt is premised upon the idea that the silence following arrest conveys a suggestion of guilt. *State v. Smart,* 756 S.W.2d 578 (Mo.App.1988) [1]. The questions and answers here are too ambiguous to carry such a suggestion. They more clearly carry the suggestion that defendant's entire testimony at trial was a fabrication because he had never even mentioned the facts he testified about to persons who could have corroborated his account of what happened. Comments on a defendant's failure to testify, even those of an indirect nature, are highly disfavored, but they are not automatic grounds for reversal. *U.S. v. Muscarella,* 585 F.2d 242 (7th Cir.1978) [6]. We are unable to find prejudice to defendant here and find no abuse of the trial court's discretion in refusing a mistrial.

 Defendant's second point premises error upon testimony involving threats to the main prosecution witness other than those upon which the charge of witness tampering was based. Defendant was acquitted by the jury of the witness tampering charge. We find no prejudice to defendant.

Judgment affirmed.

STEPHAN and SATZ, JJ., concur.