**STATE of Missouri, Plaintiff–Respondent,**

v.

**Jack D. O'NEILL, Defendant–Appellant.**

**No. 17285.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 28, 1992.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Raymond L. Legg, Columbia, for defendant-appellant.

PREWITT, Presiding Judge.

Defendant was charged with first degree murder. A jury found him guilty of involuntary manslaughter and he was sentenced as a prior offender to seven years' imprisonment. Defendant appeals, presenting two points relied on.

■ For his first point defendant asserts that the trial court erred in overruling his motion to disqualify the prosecuting attorney and to have a special prosecutor appointed. He contends that a conflict of interest occurred because the prosecuting attorney had previously represented him on a charge of manufacturing marijuana. That conviction was the basis for finding that defendant was a prior offender.

There is nothing in the record establishing that the prosecutor represented defendant on the marijuana charge. Allegations in the motion were not proof. Before this court can determine there was error there must be facts on which the point is premised shown in the record; oral statements of counsel or those in a motion do not suffice. *State v. Williams*, 623 S.W.2d 552, 554 (Mo.1981).

■ Nevertheless, we observe that even if the facts alleged were true there was no error. The representation was claimed to have occurred several years before and there was no indication that the prosecutor possessed any confidential information. Compare *State v. Wacaser*, 794 S.W.2d 190, 195–196 (Mo. banc 1990). Point one is denied.

■ The discussion of defendant's remaining point requires a brief statement of the facts. On December 23, 1989, defendant and the victim, Deborah Anderson, who were living together, went to a party at the home of defendant's sister in Crocker. There defendant and Anderson got into a dispute and defendant struck her, busting her lip.

Defendant told police officers that early the next morning Anderson said that defendant did not like her, hit her all the time and asked what defendant would do if she shot herself. Defendant said he then picked up a .22 caliber rifle, which he thought was unloaded, pointed it at Anderson, said "you can't shoot yourself with an unloaded gun" and pulled the trigger. The rifle discharged, a bullet hitting Anderson in the right temple. She died as a result of the wound.

Defendant presented evidence through testimony of others that a bullet may remain in the rifle after it appears to be unloaded. Then if the rifle is shaken, that round can slide into the chamber making it capable of firing. The testimony indicated defendant was not aware of this possibility. This testimony was offered to show that defendant believed he was pointing an unloaded gun at the victim.

Defendant contends that the trial court abused its discretion in overruling his objection to rebuttal evidence given by the testimony of his ex-wife. She testified that during their marriage defendant pointed a shotgun at her during an argument and threatened her with it. She also said that during another argument appellant fired a .22 caliber rifle at her.

Defendant contends this testimony "was evidence of prior uncharged bad acts which was introduced by the state solely to inflame the passions and prejudices of the jury and did not rebut appellant's evidence when he did not testify and did not deny pointing a .22 caliber rifle at Anderson." It is not necessary to decide if the testimony was properly admitted as we determine it could not have prejudiced defendant.

Three potential offenses were submitted to the jury, murder in the first degree, murder in the second degree and involuntary manslaughter. By determining that defendant was not guilty of either degree of murder, but was guilty of involuntary manslaughter by recklessly shooting the victim, the jury necessarily determined that he did not intentionally shoot her.

The jury must have believed that defendant thought the rifle was not going to fire. If they thought he had pointed a loaded gun at the victim and pulled the trigger, they should have convicted him of murder. Instead, they convicted him of involuntary manslaughter which occurs when one "[r]ecklessly causes the death of another person". § 565.024.1(1), RSMo 1986. This was admitted by the defendant when he said that he pointed the gun at the victim and pulled the trigger. His doing so *was not disputed* at trial. The admission of his ex-wife's testimony could have been prejudicial to defendant on the murder charge, but he was not convicted of that offense.

█ Ordinarily there is no prejudicial error when a defendant is acquitted of the charge to which the evidence relates. *State v. Etherton*, 779 S.W.2d 12, 14 (Mo. App.1989). See also *State v. Curry*, 701 S.W.2d 450 (Mo.App.1985) (defendant found not guilty on one count is not harmed by challenged testimony which pertained to that count). *Etherton* determined that testimony involving threats to a witness, other than those upon which a charge of witness tampering was based, was not prejudicial as defendant was acquitted of the witness tampering charges.

Here, evidence pertaining to the charges of murder was not prejudicial when the jury found defendant innocent of those submissions. By finding that the victim was shot recklessly the jury necessarily believed defendant's contentions that he thought the weapon was unloaded.

The testimony was tendered on the theory that it showed that defendant knew the rifle was loaded when he pointed it at the victim. If the jury had believed that, it is clear they would have convicted him of murder. They did not do so. Thus, they necessarily determined that he thought the rifle was unloaded, but nevertheless was reckless in pointing it at the victim and pulling the trigger. As the jury's finding establishes that it did not believe that defendant intentionally shot the victim, but did so recklessly, the evidence could not have prejudiced defendant. Point two is denied.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.