**STATE of Missouri, Plaintiff–Respondent,**

v.

**Kenneth Edward NORRIS, Defendant–Appellant.**

No. 27751.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 19, 2007.

James L. Thomas, Waynesville, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Victor J. Melenbrink, Assistant Attorney General, Jefferson City, for Respondent.

PAUL McGHEE, Senior Judge.

Kenneth Edward Norris ("Defendant") was tried by jury on one count of statutory rape in the first degree, and on two counts of child molestation in the first degree. The jury acquitted him of statutory rape, but convicted him on both child molestation counts. The jury assessed his punishment at fifteen years on each count, and the trial court subsequently sentenced him to consecutive terms of fifteen years on each count. Defendant appeals. We affirm.

■ For the first of his four points, Defendant challenges the sufficiency of the evidence to support the convictions by asserting that the trial court erred in denying his motion for judgment of acquittal at the close of all of the evidence. He contends that the only testimony supporting the convictions was the contradictory testimony of the nine-year-old victim, which he argues was insufficient to support the convictions.

Defendant was convicted under Section 566.067.1,[1] which provides:

1. References to statutes are to RSMo 2000 unless otherwise indicated.

A person commits the crime of child molestation in the first degree if he or she subjects another person who is less than fourteen years of age to sexual contact.

"Sexual contact" is defined by Section 566.010(3), RSMo, Cum.Supp.2002, as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, or such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person[.]" "Purpose" is ascertained by the mental state of the perpetrator, and direct proof of the required mental state is seldom available, and it is usually inferred from circumstantial evidence. *State v. McMeans*, 201 S.W.3d 117, 121 (Mo.App. S.D. 2006). The State had the burden of proving each and every element of the case. *Id.* at 120.

We review the evidence in the light most favorable to the judgment, disregarding any contrary evidence, and granting the State all reasonable inferences from the evidence. *State v. Baumann*, 217 S.W.3d 914, 917 (Mo.App. S.D. 2007); *State v. Agnew*, 214 S.W.3d 398, 400 (Mo.App. E.D.2007). "It is not our function to resolve conflicts in the evidence and decide the credibility of witnesses to determine whether the defendant is guilty beyond a reasonable doubt; in the case at bar, that role belonged to the jury." *State v. Still*, 216 S.W.3d 261, 263 (Mo.App. S.D. 2007). "We defer to the superior position of the jury to assess the credibility of witnesses and the weight and value of their testimony." *State v. St. George*, 215 S.W.3d 341, 345 (Mo.App. S.D.2007) (quoting *State v. Smith*, 185 S.W.3d 747, 758 (Mo.App. S.D.2006)). "[T]he uncorroborated testimony of the victim in a case of sexual assault is sufficient to sustain a conviction." *State v. Paulson*, 220 S.W.3d 828, 833 (Mo.App. S.D.2007) (quoting *State v. Waddell*, 164 S.W.3d 550, 553 (Mo.App.

S.D.2005)). "Corroboration is not required unless the 'victim's testimony is so contradictory and in conflict with physical facts, surrounding circumstances and common experience, that its validity is thereby rendered doubtful.'" *Id.* (quoting *Waddell*, 164 S.W.3d at 553). It has often been noted by appellate courts that the testimony of young victims about sensitive and embarrassing subjects commonly contains some contradictions, variations or memory lapses. *State v. Morton*, 229 S.W.3d 626, 630 n. 2 (Mo.App. S.D.2007).

The victim testified at the trial, in the language of a child, that Defendant had touched her with his hand in the "wrong places," including her buttocks, vagina, and breasts. In her trial testimony, she denied that he had sexual intercourse with her, although she had told a forensic interviewer that he did have. She had made similar statements as to the touching to a half-sister and an aunt, to the forensic interviewer, and to the physician conducting a "SAFE" examination. However, a mere contradiction between her trial testimony and her out of court statements is not sufficient to cause her testimony to lose its probative value. *State v. Fears*, 217 S.W.3d 323, 328–29, (Mo.App. S.D. 2007). Her actual trial testimony was not so inconsistent or contradictory as to render the validity of her testimony doubtful. The testimony of the victim, even if uncorroborated, was sufficient to support the convictions, and this point is denied.

Defendant next contends that the trial court erred in denying his motion for a mistrial because of the testimony of the victim's thirty-year-old half-sister that she could tell a change in the victim because "the same thing happened to me when I was younger." The victim is a granddaughter of Defendant, but the half-sister is not. This colloquy occurred upon redi-

644

rect examination of the half-sister by the State:

Q.... [Y]ou say you saw a change in [the victim] with the way of her demeanor and so forth, how did she act before?

A. Like a normal kid I suppose.

Q. Okay so you're stating you saw a definite change and that's?

A. I could tell a change because the same thing happened to me when I was younger so that gave me the inclination that *something had happened to her.*

Defense counsel objected and moved for a mistrial. The trial court sustained the objection and instructed the jury to disregard the answer. However, the trial court denied the motion for mistrial; and upon renewal of the motion, stated: "The statement was not responsive to the question and it didn't specify this defendant, she just stated that the same thing had happened to her without any indication it was the defendant and without provocation by question of the State." This witness also testified without objection that the victim told her that Kent Norris ("Kent"), who is Defendant's son and the victim's uncle, had pressed his "pee-pee" against her.

▮▮▮▮ A mistrial is a drastic remedy which is to be used only in the most extraordinary circumstances when there is a grievous error which cannot otherwise be remedied. *State v. Davis,* 122 S.W.3d 690, 692 (Mo.App. E.D.2003). Review of a refusal to declare a mistrial is "on an abuse of discretion standard because the trial court is in a superior position to determine the effect of improper remarks, and what, if anything, must be done to cure the problem." *Id.* at 692–93. An abuse of discretion occurs when the trial court's ruling is clearly against the logic of the circumstances, and it is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *State v. Fry,* 197 S.W.3d 211, 213 (Mo.App. S.D.2006). Review is for preju-

dice, not mere error, and we will reverse only if the error is so prejudicial that it deprived the defendant of a fair trial. *State v. McElvain,* 228 S.W.3d 592, 596 (Mo.App. W.D.2007). Trial court error is not prejudicial unless there is a reasonable probability that the error affected the outcome of the trial. *Id.* at 596. *See also State v. Wilkins,* 229 S.W.3d 204, 209 (Mo. App. S.D.2007).

▮▮▮▮ "The general rule concerning the admission of evidence of uncharged crimes, wrongs, or acts is that evidence of prior uncharged misconduct is inadmissible for the purpose of showing the propensity of the defendant to commit such crimes." *State v. Bernard,* 849 S.W.2d 10, 13 (Mo. banc 1993). Vague and indefinite references to misconduct do not warrant a mistrial unless the reference is clear evidence of the defendant's involvement in another crime. *State v. Kelly,* 119 S.W.3d 587, 591 (Mo.App. E.D.2003); *State v. Hornbuckle,* 769 S.W.2d 89, 96 (Mo. banc 1989). As the trial court in the case at bar observed, the testimony by the much older half-sister that the same thing happened to her is not evidence that Defendant committed an offense against her. Defendant also suggests that there is a great risk that the jurors may have accepted her testimony as that of an expert. We find no basis for this conjecture. There is no reasonable probability that the half-sister's improper testimony affected the outcome of the trial, and the trial court did not abuse its discretion in refusing to declare a mistrial because of this testimony. This point is denied.

▮▮▮ For his third point, Defendant maintains that the trial court abused its discretion in denying his request for a mistrial after an investigating officer testified that he seized pornographic movies at Defendant's home while conducting a consensual search. Defendant objected to

this testimony and moved for a mistrial. The trial court sustained the objection, but denied the motion for mistrial.

The officer also testified that he issued a ticket to Defendant for exposing himself to the officer and to a woman investigator during an interview. Defendant also objected to this testimony and moved for a mistrial. Again, the trial court sustained the objection and denied the motion for mistrial. As part of his third point, Defendant claims the trial court abused its discretion in denying this motion for mistrial.

As the trial court excluded the challenged evidence, the issue is not its admissibility. The issue is whether the trial court abused its discretion in refusing to declare a mistrial after sustaining Defendant's objections to the evidence that he possessed pornographic movies, and that he exposed himself to the investigators.

The trial court was in a superior position to determine the effect of the evidence, and what should be done to cure the problem. *See State v. Carter,* 71 S.W.3d 267, 271 (Mo.App. S.D.2002). The rulings denying the motions for a mistrial were not clearly against the logic of the circumstances and so unreasonable as to indicate a lack of careful consideration. Neither do the rulings shock the sense of justice. The trial court did not abuse its discretion when it declined to utilize the drastic remedy of declaring a mistrial as there were no extraordinary circumstances or grievous error not remedied by the trial court in sustaining the objections. This point is denied.

 For his final point, Defendant contends that the trial court abused its discretion in overruling his objection to the admission into evidence of a videotaped forensic interview of the victim. The interview had been the subject of a hearing under Section 491.075, and it was admitted under that statute. Defendant's specific complaint is to statements by the victim in the interview that she has been molested by Kent.

A trial court has broad discretion to admit or exclude evidence at trial. This standard of review compels the reversal of a trial court's ruling on the admission of evidence only if the court has clearly abused its discretion. [T]hat discretion is abused when a ruling is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration.

*State v. Kemp,* 212 S.W.3d 135, 145 (Mo. banc 2007) (quoting *State v. Forrest,* 183 S.W.3d 218, 223–24 (Mo. banc 2006)). This Court reviews for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial. *Id.* Error is not prejudicial unless there is a reasonable probability that the error affected the outcome of the trial. *Id.* at 145–46. "Generally, prejudice does not exist when the objectionable evidence is merely cumulative of other evidence that was admitted without objection and that sufficiently establishes essentially the same facts." *State v. Tabor,* 219 S.W.3d 769, 773 (Mo.App. S.D.2007) (quoting *Smith,* 185 S.W.3d at 757).

The interview was admissible under the statute. *State v. Howell,* 226 S.W.3d 892, 897 (Mo.App. S.D.2007). However, the interviewer asked the victim numerous questions about Kent's activities with her. She told the interviewer that he had pulled her against his genitalia while they were both clothed. The acts of Kent and the acts of Defendant were unrelated, and the victim clearly distinguished Kent's acts from Defendant's acts. Although the half-sister had testified without objection that the victim told her that Kent had pressed his "pee-pee" against her, Defendant objected "to anything that includes anything about Uncle Kent or whatever Uncle Kent may have done in this case." The trial court asked if that was in the videotape, and the

prosecutor replied, "there's some," and "there's a little bit of that," but he said that it was impossible to edit it out. The trial court then overruled the objection.

"Evidence is logically relevant if it has some legitimate tendency to establish the defendant's guilt of the crime for which he is charged. Evidence is legally relevant if its probative value outweighs its prejudicial effect." *State v. Jackson*, 228 S.W.3d 603, 606 (Mo.App. W.D.2007) (internal citations omitted). *See also Bernard*, 849 S.W.2d at 13. The statements as to Kent were not logically relevant as they had no legitimate tendency to establish directly Defendant's guilt of the charges for which he was on trial. The references to Kent could easily have been kept from the jury, and the trial court erred in permitting the jury to hear the

victim's accusations against him. However, that does not end the inquiry as some error is harmless. *State v. Barriner*, 34 S.W.3d 139, 149 (Mo. banc 2000). We conclude that the error in admitting this evidence was not prejudicial as there is no reasonable probability that it affected the outcome of the trial, or that it so influenced the jury that it would have come to a different conclusion but for the evidence. As there was no prejudice, this point is denied.

The judgment of the trial court is affirmed.

LYNCH, C.J., and BARNEY, P.J., concur.