

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | No. SD34150 |
| | ) | |
| TODD J. JENNER, | ) | **Filed: Dec. 30, 2016** |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden

**AFFIRMED**

Todd J. Jenner ("Defendant") was found guilty after a bench trial of first-degree statutory sodomy. *See* section 566.062.[1] Defendant challenges his resulting conviction in a single point that claims the trial court "abused its discretion in limiting cross-examination" of the victim's mother ("Mother"). Finding no merit in this claim, we affirm.

---

[1] Unless otherwise noted, all statutory references are to RSMo Cum. Supp. 2006. Defendant received an 18-year sentence on the conviction of statutory sodomy.

## Applicable Principles of Review

"Trial courts retain broad discretion in deciding the permissible scope of cross-examination, and an appellate court will not reverse a conviction absent an abuse of that discretion." **State v. Taylor**, 134 S.W.3d 21, 25 (Mo. banc 2004). Such an abuse occurs only if the "ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." **State v. Dewey**, 86 S.W.3d 434, 439 (Mo. App. W.D. 2002). "This Court reviews for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial." **State v. Norris**, 237 S.W.3d 640, 645 (Mo. App. S.D. 2007).

## Evidentiary and Procedural Background[2]

Defendant was charged in a two-count information with ~~committing~~ first-degree statutory sodomy ("Count I") and child molestation ("Count II") for acts committed against E.C. ("Victim). *See* sections 566.062 and 566.067. Count I alleged that "on or between August 1, 2012 and January 18, 2014," Defendant, "for the purpose of arousing or gratifying the sexual desire of any person, . . . touch[ed Victim]'s vagina with [his] hand." Count II alleged that "on or about January 19, 2014," Defendant "knowingly subjected [Victim] . . . to sexual contact by touching [Victim]'s breast." The trial court found Defendant guilty on Count I and not guilty on Count II. Defendant does not contest the sufficiency of the evidence supporting his conviction, and we limit our summary of the evidence to that necessary to understand and resolve Defendant's point.

---

[2] We view the facts in the light most favorable to the verdict. **State v. Lacy**, 851 S.W.2d 623, 625 (Mo. App. E.D. 1993).

During the charged period of time, when Victim was eight to nine years old, Mother and Defendant began living together after having dated for about four months. On occasions when Mother was not around, Defendant would instruct Victim to lie down on a bed with her pants and underwear pulled down, and he would touch her vagina with his hands. Defendant told Victim that he was touching her to check for "rashes" and to apply any necessary medication. Mother testified at trial that she did not "ever ask for [Defendant]'s help in [examining Victim or] making sure that medicine got administered[.]" Defendant would also watch Victim while she showered. During a forensic interview, Victim said that the touching incidents happened "over and over again, and it was really weird and awkward for me." She also stated that Defendant told her "not to tell" anyone about these incidents.

On the evening of January 18, 2014, Mother had gone to bed with Defendant beside her. Sometime after midnight, Mother awoke to discover that Defendant was no longer in the bed. Mother got up and found Defendant in Victim's bedroom. Mother testified that Victim was asleep, her blanket was pulled down to her waist, her shirt was "part of the way up," and Defendant was "standing there" and he was caressing her right breast."[3] Mother spoke with Victim later that morning and contacted the authorities.

While cross-examining Mother at trial, defense counsel attempted to elicit testimony from her about statements she had apparently made during a deposition to the effect that she had herself been sexually abused as a child. The prosecutor objected on relevancy grounds. In response to that objection, defense counsel stated:

> Okay. Well, I -- I respectfully submit, Your Honor, that anything that goes -- that the case law is clear that anything that could go to question a witness's perception is relevant in cross-examination. And I

---

[3] As earlier noted, Defendant was acquitted of the Count II charge related to this alleged conduct.

think that given all of the circumstances of what was going on when [Mother] says she saw [Defendant] touch [Victim]'s breast, just in the totality -- I'm not trying to embarrass [Mother]. This is the kind of question I just need to ask. I need to ask three questions.

I've asked her if she suffered trauma along the same lines as [Victim]. And then the next question is: Did you tell people? And then the last question is: Is it true nothing was ever done?

After defense counsel made some additional statements, the trial court indicated that it "can see some probative value, but does the State want to stipulate that that's what her answers would be?" The prosecutor responded, "That's fine." After some additional discussion, the trial court stated:

Well, I think just the mere fact that something had happened to somebody's not enough to make it become relevant or probative in this case. I don't know where you are going after those three questions, but, you know, that's why I'll say, okay, I can see where there probably is some relevancy to it. But I don't know what -- how you are going to tie it up. But I suspect that I'll hear about it sooner or later.

But, you know, they've stipulated that if she was asked those questions, she would say so.

Defense counsel thanked the trial court and continued with his cross-examination of Mother.

During his closing argument, defense counsel revisited the issue as follows:

| [DEFENSE COUNSEL]: | Let's start with the misperception. Now, I have no doubt [Mother] believes it now, that she saw [Defendant] touching [Victim]'s breast. But the fact that she thinks she actually saw something does not make it so. It was dark. She had been asleep, after taking Benadryl for an allergic reaction. |
| | |
| | In addition, her play -- her past plays a part. It is a fact that trauma from childhood -- |

| | |
|---|---|
| [PROSECUTOR]: | I object. That's a fact not in evidence that's never been established. |
| [DEFENSE COUNSEL]: | It most certainly has. It was stipulated. |
| THE COURT: | Whoa. Whoa. Wait a minute. One at a time. |
| [PROSECUTOR]: | To establish the fact that past trauma creates anything in terms of future perceptions would require an expert, and I made that objection at the time, and I don't think he gets to argue that that's reason and common sense, that a past victim would misinterpret things in the future. There's been no evidence of that. |
| [DEFENSE COUNSEL]: | I didn't say that. I said that past trauma -- it's a fact that past trauma affects perceptions in adulthood. I do not need an expert for that. That is reasonable -- that is common sense. And you and -- |
| [PROSECUTOR]: | I don't think it's reason and common sense. I don't think it's even true. |
| [DEFENSE COUNSEL]: | Okay. Well, then, that's an issue of weight that he [presumably a reference to the trial judge] can give; and if he thinks my argument is meaningless, then he can put it aside. |
| THE COURT: | I'll overrule your objection. Go ahead. |

## Analysis

Defendant contends that the above statements by the trial court prove that it denied Defendant "the opportunity to show that [Mother]'s testimony was biased by her experience as a victim of sexual abuse as a child and the fact that nothing was ever done

to help her even though she told people about it[.]" And although Defendant acknowledges that the State stipulated to this evidence, he nonetheless argues that "it is clear that the trial court ultimately excluded the evidence and did not consider it." We disagree.

In support of his position, Defendant seizes on the trial court's statement that, "the mere fact that something had happened to somebody's not enough to make it become relevant or probative in this case." But Defendant concedes that after the prosecutor made his relevancy objection, he ultimately stipulated to defense counsel's "three questions" (and the expected answers) regarding Mother's own history of sexual abuse. In arguing that the trial court actually excluded the stipulated evidence, Defendant is isolating the trial court's initial statement from those that followed.

> Well, I think just the mere fact that something had happened to somebody's not enough to make it become relevant or probative in this case. I don't know where you are going after those three questions, but, you know, that's why I'll say, okay, *I can see where there probably is some relevancy to it*. But I don't know what -- how you are going to tie it up. *But I suspect that I'll hear about it sooner or later.*
> But, you know, *they've stipulated that if she was asked those questions, she would say so*.

(Emphasis added.)

When viewed in context, the trial court initially questioned the relevancy of the evidence, but it nonetheless anticipated that the stipulated evidence would be addressed "sooner or later." That moment came when, over the State's objection, defense counsel was allowed to argue in closing that Mother's own trauma affected her ability to perceive what Defendant was doing when she discovered Defendant in Victim's bedroom. Thus, Defendant's claim that the trial court refused to consider evidence that Mother had been sexually abused as a child is refuted by the record.

6

Even if the trial court had excluded the stipulated evidence regarding Mother's own history of abuse, we fail to see how Defendant would have been prejudiced. First, Defendant was acquitted of the charge involving the conduct Mother said she had witnessed. *See State v. O'Neill*, 825 S.W.2d 376, 378 (Mo. App. S.D. 1992) ("[o]rdinarily there is no prejudicial error when a defendant is acquitted of the charge to which the evidence relates"). Second, despite Defendant's claim that "the State's case hinged on the motive behind [Defendant]'s admitted actions in touching [Victim] and [Mother]'s version showed it [was] a sexual touching," the trial court did not need to rely on Mother's testimony in order to find Defendant guilty of first-degree statutory sodomy. Victim said in her recorded forensic interview that Defendant had told her not to tell anyone about the touching incidents. The trial court could reasonably infer from Defendant's efforts to hide the touching that his purpose was not an innocent one. *Cf. State v. Polson*, 145 S.W.3d 881, 889 (Mo. App. W.D. 2004) (a permissible inference of guilt could be drawn from the defendant's instruction to the victim "not to say anything about the assault").

Defendant's point is denied, and the judgment of conviction and sentence is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

MARY W. SHEFFIELD, C.J. – CONCURS