**STATE of Missouri, Respondent,**

v.

**Vernon Earl MILLER, Appellant.**

No. SD 34656

Missouri Court of Appeals, Southern District, Division Two.

FILED: October 23, 2017

Appellant's attorney: Jedd C. Schneider.

Respondent's attorneys: Joshua D. Hawley, Atty. Gen. & Daniel N. McPherson, Asst. Atty. Gen.

## DANIEL E. SCOTT, J.

Vernon Miller ("Defendant") appeals from his convictions for forcible rape, statutory sodomy, and statutory rape of his girlfriend's children. He complains of the court's actions in accepting the verdicts

(Points 1 & 2) and in sending exhibits to the jury during deliberations (Point 3). We affirm.

## Points 1 & 2 [1]

After deliberating some six and one-half hours, the jury sent the court a note stating that it had reached two verdicts, but was at an impasse on the third charge. The court brought the jury in and inquired of the foreperson, who opined that the impasse was worthy of continued deliberation. The court read and accepted the verdicts reached (Counts II & III, both guilty), then adjourned for the evening so jurors could continue Count I deliberations the next morning.

The next day, before deliberations resumed, Defendant moved for a mistrial on unresolved Count I only, but expressly not on the other two counts where verdicts had been reached and accepted. The court denied the mistrial request. Jurors resumed deliberations and reached a guilty verdict on Count I about 80 minutes later. The jury was polled and the verdicts were unanimous on all three counts.

■ Point 1 challenges the trial court's "early" acceptance of the Count II & III verdicts. Defendant included this issue in his motion for new trial, but did not object or complain about it during the trial.[2]

■ "Including a claim of error in a motion for new trial is a requirement of preserving an issue for review, but a claim of error is not wholly preserved absent a timely objection at trial." *State v. Walter*, 479 S.W.3d 118, 123 (Mo. banc 2016); *see also Romines v. Donald Maggi, Inc.*, 636 S.W.2d 130, 131-32 (Mo.App. 1982) (complaints about receipt or entry of verdict are waived if not raised until new trial motion).

That leaves only discretionary plain-error review, *Walter*, 479 S.W.3d at 124, which we decline to undertake. We find it difficult, at least in this case, to square Defendant's insistence that he has raised an issue of first impression with the trial court's action being "evident, obvious, and clear" error and thus plain error. *See State v. Johnson*, 524 S.W.3d 505, 513 (Mo. banc 2017). Point denied.

■ Point 2 challenges the denial of Defendant's mistrial request, and alleges as prejudice that the court "effectively coerced" the Count I verdict by directing jurors to continue those deliberations after the other verdicts had been accepted.

■ We review the refusal to grant a mistrial for abuse of discretion, reversing only if that ruling was so clearly illogical, arbitrary, unreasonable, and ill-considered as to shock the sense of justice. *See State v. Norris*, 237 S.W.3d 640, 644 (Mo.App. 2007). Mistrial is a drastic remedy used only in the most extraordinary circumstances when grievous error cannot otherwise be remedied. *Id.*

Point 2's argument focuses on prejudice by presuming success on Point 1's claim of error. Point 1's *failure* thus dooms this point as well, as Defendant fails to convince us of any error, much less grievous error in extraordinary circumstances demanding the drastic remedy of mistrial. *Id.* Further, since Defendant never raised his Point 1 complaint below, the trial court could not have abused its discretion in

---

1. Sufficiency of the evidence is not at issue. Given the offenses and victims involved, our opinion notes only the facts and background needed to understand Defendant's points and our analyses.

2. As previously noted, Defendant's mistrial request (Point 2 *infra*) expressly excluded these counts.

failing to consider that in denying a mistrial.

■ Even if we found error, which we do not, Defendant did not make his coerced-verdict case for prejudice. "A verdict can only be considered coerced when it appears, under the totality of the circumstances, that the trial court was virtually mandating that a verdict be reached, and by implication, it would hold the jury until such occurrence." *State v. Evans*, 122 S.W.3d 731, 734 (Mo.App. 2003). As in *Evans*, "[t]he judge's actions here do not, by any reasonable view, amount to a virtual mandate that a verdict be reached." *Id.* Point 2 fails.

## Point 3

■ Early in its deliberations, the jury asked for Exhibits 1-3 (photos of each victim and a letter), prompting discussion between the court and counsel:

- The court suggested sending all five admitted exhibits, including a photo of a tube of lubricant (Exhibit 4) and an audio recording of Defendant's police interview (Exhibit 5).
- Defense counsel's initial "preference" was to "either send what specifically they're asking for, or send all of the exhibits."
- After further discussion, the court opined that it might prejudice Defendant to send Exhibit 5, and defense counsel agreed that Exhibit 5 should not be sent.

The court then sent the jury the other four exhibits, over Defendant's objection as to Exhibit 4.

Point 3 charges error in sending the jury Exhibit 4 without Exhibit 5, alleging that this increased Exhibit 4's probative force and lessened that of Exhibit 5, an argument undercut by Defendant's admitted agreement at trial that Exhibit 5 should *not* go to the jury.

■ At any rate, "[w]hether to send an exhibit to the jury room is a matter within the trial court's discretion." *State v. Turin*, 723 S.W.2d 461, 464 (Mo.App. 1986). Defendant has no good answer to Missouri cases finding no abuse of discretion where, as here, a trial court sent the jury more exhibits than it had requested. *See, e.g., State v. Lewis*, 955 S.W.2d 563, 566 (Mo. App. 1997); *State v. Mitchell*, 811 S.W.2d 809, 813-14 (Mo.App. 1991); *State v. Diercks*, 674 S.W.2d 72, 79-80 (Mo.App. 1984). Nor can we find the court's action was a comment on the evidence or placed particular importance on any one exhibit. We deny Point 3 and affirm the convictions.

NANCY STEFFEN RAHMEYER, P.J./C.J.—CONCURS

WILLIAM W. FRANCIS, JR., J.— CONCURS

