

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff-Respondent,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　)　　　No. SD37722
　　　　　　　　　　　　　　　　　　　　)
TYMAN DEVETTE LATIN,　　　　　　　　)　　　**Filed:  September 8, 2023**
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendant-Appellant.　　　　　　)

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

The Honorable Becky J.W. Borthwick, Judge

## <u>AFFIRMED</u>

Tyman Devette Latin ("Mr. Latin") appeals the trial court's judgment convicting him of burglary in the first degree, tampering with a motor vehicle, assault in the third degree, and two counts of assault in the fourth degree.  Mr. Latin claims on appeal that the trial court erred in overruling his motion for a mistrial after the trial court rejected the State's proposed voluntary intoxication instruction but then erroneously read that instruction to the jury.  The trial court's judgment is affirmed.

<u>Factual Background and Procedural History</u>

On April 1, 2020, D.M. ("Victim") was living with his son, ex-wife, ex-wife's fiancé ("fiancé"), and ex-wife's sister.  Victim awoke to a noise in the early morning

1

hours. Victim got out of bed to use the restroom and noticed his television was missing and the back door to the residence was open. Upon looking outside, Victim saw that the dome light was on in his vehicle and the door was ajar. He then noticed his truck keys were missing.

Victim alerted the other residents of the house that they had been robbed. Victim's ex-wife, her fiancé, and ex-wife's sister all woke up and came downstairs. Fiancé went outside to investigate the vehicles. He noticed that Victim's truck, as well as their other vehicles, had been gone through. The glove compartments and consoles of each vehicle were emptied on the seats and floorboards. Fiancé also saw a bag or backpack next to the residence's trash dumpster. He opened the trash dumpster and saw more bags and a lunch box, son's laptop, a cooling pad, PlayStation and PlayStation games, a smart home speaker, battery chargers, and cell phone chargers. Other items from the residence were also contained in a pillowcase inside the trash dumpster. Mr. Latin's wallet was found in one of the bags.

As fiancé turned from the vehicles, he saw Mr. Latin in the back mudroom exiting the residence. Mr. Latin noticed fiancé and ran toward him. Both men fell to the ground. Fiancé tried to detain Mr. Latin, but Mr. Latin escaped and jumped the backyard fence. Fiancé sustained "[a] few scrapes, cuts, and bruises" during the scuffle.

During this time Victim was inside the residence calling 911. While on the 911 call, Victim saw an unidentified individual in the mudroom. Victim went to the back door and witnessed the scuffle between fiancé and Mr. Latin.

Victim's son then went outside. Mr. Latin had returned to the yard of the residence. Son saw Mr. Latin going toward the trash dumpster. Son then tackled Mr.

Latin to detain him until police officers arrived. Mr. Latin flipped son onto his back and punched him several times in the head and face. Son's mother, ex-wife, attempted to intervene. Mr. Latin then punched ex-wife in the face.

Mr. Latin took off running around the residence and down the driveway. Officers were in the front of the residence talking with ex-wife's sister and Victim. An officer ordered Mr. Latin to stop. The officer had to deploy a taser in order to get Mr. Latin to stop. Mr. Latin was then arrested.

Mr. Latin was charged with burglary in the first degree, tampering with a motor vehicle in the first degree, assault in the third degree, two counts of assault in the fourth degree, and resisting arrest for a felony. During Mr. Latin's trial the State offered Instruction No. 20, a voluntary intoxication instruction. Instruction No. 20 was patterned after Missouri Approved Instruction 410.50[1] and read: "The state must prove every element of the offense beyond a reasonable doubt. However, in determining the defendant's guilt or innocence, you are instructed that an intoxicated condition from alcohol or drugs will not relieve a person of responsibility for his conduct." Instruction No. 20.[2]

Defense counsel objected to Instruction No. 20 because it argued there was insufficient evidence that Mr. Latin was intoxicated.[3] The trial court sustained Mr.

---

[1] MAI-CR 4th 410.50.

[2] Instruction No. 20 was later re-labeled as Instruction No. B when it was rejected by the trial court.

[3] There was evidence before the jury that an alcoholic beverage was left in the residence and that Victim stated Mr. Latin "reeked of alcohol" during the 911 phone call. Whether or not this evidence is sufficient to support a voluntary intoxication instruction is not before this Court.

Latin's objection. The trial court then read the proffered instructions to the jury, mistakenly including Instruction No. 20. Out of the presence of the jury, the trial court stated:

> THE COURT: All right. And the final instruction packet, which I read from when the copies were made, Instruction No. 20, which was Instruction B, which is "The State must prove every element of the offense beyond a reasonable doubt," however, "In determining the defendant's guilt or innocence, you are instructed that an intoxicated condition from alcohol or drugs will not relieve a person of responsibility for their conduct" was included, although your objection, [defense counsel], was sustained to that instruction.
> And at this time I want to make you aware of that. And let's go off the record one moment.

The trial court and counsel had a discussion off the record. Proceedings returned to open court and the trial court stated it would instruct the jury to disregard Instruction No. 20.

> THE COURT: A brief off-the-record discussion was had between the parties. At this time, the Court has determined that I will advise the jury that Instruction 19[4] is being withdrawn, but it is not withdrawn because it is an incorrect statement of the law, but because it was inadvertently placed in the packet by the Court, and I will ask them to disregard, and I will remove [20] from the original instructions in their folder.

Mr. Latin moved for a mistrial. Mr. Latin argued that the trial court had misinstructed the jury by including Instruction No. 20 and the subsequent instruction by the court to disregard such instruction was not sufficiently curative. The trial court denied Mr. Latin's motion for a mistrial:

---

[4] The trial court stated that the instruction in question "was proposed 20, but it was remarked as 19." The instruction included in the legal file is labeled Instruction No. 20 with the 20 crossed through and a B handwritten above. We will refer to the instruction in question as "Instruction No. 20" herein.

THE COURT: And to the parties, the Court does squarely take responsibility for this error. I do intend on advising them with the curative instruction of that so that it is not attributable to the party.

I do deny the motion for mistrial finding that the reading of Instruction No. [20] by the Court -- again which I am taking responsibility for -- was incorrect; however, I do not believe it was prejudicial to the defendant to arise to the level of a mistrial.

The trial court then gave its curative instruction to the jury:

THE COURT: Ladies and gentleman, I would instruct your attention to Instruction No. [20] that I previously read to you. That instruction is being withdrawn, not because it is an incorrect statement of the law, but because it was inadvertently placed in your packet by the Court. I would ask you to disregard Instruction No. [20].

As we explained earlier, we were trying to be judicious with your time, and that is something that is an error on the Court that I did leave that instruction in the packet. And again, it is being withdrawn, not because it is an incorrect statement of the law, but because it was inadvertently placed in the packet. I have withdrawn it from your final instructions which are in white.

The jury found Mr. Latin guilty of all charges except the charge of resisting arrest

for a felony.

Standard of Review

We review the refusal to grant a mistrial for abuse of discretion, reversing only if that ruling was so clearly illogical, arbitrary, unreasonable, and ill-considered as to shock the sense of justice. *See State v. Norris*, 237 S.W.3d 640, 644 (Mo. App. [S.D.] 2007). Mistrial is a drastic remedy used only in the most extraordinary circumstances when grievous error cannot otherwise be remedied. *Id.*

*State v. Miller*, 531 S.W.3d 91, 93 (Mo. App. S.D. 2017). Because the trial court is in a superior position to determine the effect of improper remarks, and what, if anything, must be done to cure the problem, review of a refusal to declare mistrial is on an abuse of discretion standard. *State v. Norris*, 237 S.W.3d 640, 644 (Mo. App. S.D. 2007). A trial court abuses its discretion when its ruling is "clearly against the logic of the circumstances, and it is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* We review for prejudice, not mere error, and will reverse only if the error deprived the defendant of a fair trial because the error was so prejudicial. *Id.* Unless there is a reasonable

5

probability that the error affected the outcome of the trial, the trial court error is not prejudicial. *Id.* The burden to demonstrate a reasonable probability that the error affected the outcome of the trial is on the defendant. *State v. Turner*, 367 S.W.3d 183, 188 (Mo. App. S.D. 2012).

*State v. Brown*, 661 S.W.3d 27, 41 (Mo. App. S.D. 2023).

Analysis

Mr. Latin's sole point on appeal claims the trial court abused its discretion in denying his motion for a mistrial based on the erroneous reading of the State's voluntary intoxication instruction to the jury. Mr. Latin argues the erroneous reading of Instruction No. 20 "mislead [sic] the jury, the curative instruction did not sufficiently cure the court's action, and the State exacerbated the confusion by referring to an intoxicating beverage during closing." We disagree.

An appellate court presumes the jury read and followed the instructions given to them. *State v. Burnett*, 481 S.W.3d 91, 96 (Mo. App. E.D. 2016); *State v. Avery*, 275 S.W.3d 231, 234 (Mo. banc 2009). A trial court may, and should, withdraw or correct an instruction at any time prior to the jury's deliberation. *State v. Zinn*, 562 S.W.2d 784, 790 (Mo. App. Spfld.D. 1978). "Courts may withdraw or correct an instruction and it is the duty of the court to do so at any time during the trial, especially before the case has been submitted, if upon reflection the same is considered to have been erroneously given." *Id.* (quoting *State v. Sawyer*, 367 S.W.2d 585, 588 (Mo. 1963)). In *Zinn*, the trial court read an incorrect instruction to the jury, realized the error, and then read a corrected instruction to the jury. 562 S.W.2d at 790. Defense counsel moved for a mistrial which the trial court denied. *Id.* On appeal, this Court found no prejudice to the defendant from the trial court's actions. *Id.*; *see also State v. Barton*, 670 S.W.2d 162, 165 (Mo. App. S.D. 1984) (finding the trial court did not abuse its discretion when an

6

instruction was corrected and read to the jury before they retired to deliberate); ***State v. Dunagan***, 772 S.W.2d 844, 858-60 (Mo. App. S.D. 1989) (holding no abuse of discretion occurred when the trial court denied the defendant's motion for mistrial after the trial court read various incorrect versions of the verdict-directing instruction to the jury, then conferred with counsel outside the hearing of the jury before instructing the jury that the read incorrect instruction was prepared by the State and made painstakingly clear to the jury that the defendant and her lawyer were not at fault).

Here, the trial court inadvertently read Instruction No. 20 to the jury. Once it realized its error, it instructed the jury that inclusion of that instruction was error and gave the curative instruction to the jury directing it to disregard Instruction No. 20. The trial court took full responsibility for its error and the erroneous instruction was not included in the instruction packet used by the jury during its deliberation.

Mr. Latin also argues that the State "exacerbated the confusion," after the trial court erroneously read Instruction No. 20 then instructed the jury to disregard that instruction because the trial court had read the instruction in error, by referring to an intoxicating beverage during its closing argument. There was testimony at trial that a can of JOOSE, an alcoholic beverage, was found on the couch of the residence when they awoke the morning of April 1, 2020; that the beverage did not belong to the residents of the house; and that it was not there when they went to bed the night before. During closing argument, the State referenced the can of JOOSE. Counsel stated "[Victim] explained how someone took his big screen TV, how they found a beer can, which we know as this JOOSE, on his loveseat." Review of the trial transcript indicates the State's reference to the alcoholic beverage was brief and stated for the purpose of showing that

7

someone had been inside the residence, not for the purpose of proving Mr. Latin was intoxicated.

This Court finds Mr. Latin was not prejudiced by the trial court's erroneous reading of Instruction No. 20 followed by its curative instruction informing the jury that it mistakenly read the instruction and its directive to the jury to disregard that instruction, and finds the prosecutor's subsequent comment during closing of no consequence. The trial court did not abuse its discretion in refusing to grant a mistrial.

Mr. Latin's point on appeal is without merit. The judgment is affirmed.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS