

# In the Missouri Court of Appeals
## Eastern District
**DIVISION THREE**

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED112914 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| vs. | ) | Cause No. 23JE-CR00186-01 |
| | ) | |
| KEVIN P. COPLIN, | ) | Honorable Joseph A. Rathert |
| | ) | |
| Appellant. | ) | Filed: September 23, 2025 |

Before Renée D. Hardin-Tammons, P.J., Angela T. Quigless, J., and Thomas C. Clark II, J.

**Introduction**

A Jefferson County jury convicted Kevin P. Coplin (Appellant) of one count of child molestation first degree in violation of § 566.067.[1] Appellant raises one point on appeal. He argues the circuit court abused its discretion by denying his request for a mistrial after the State of Missouri (State) asked a question on re-direct examination that Appellant claims created an improper implication of a prior bad act. We affirm.

**Factual and Procedural Background**

The State initially charged Appellant with three counts of child molestation first degree, one count of attempted statutory sodomy first degree and two counts of statutory sodomy first

---

[1] All statutory references are to the Revised Statutes of Missouri (2016) unless stated otherwise.

degree. Following the May 2024 trial, the jury convicted Coplin of one count of child molestation first degree and acquitted him of the remaining charges. The circuit court sentenced Coplin to 15 years in the Missouri Department of Corrections. Viewed in the light most favorable to the jury verdict, the following evidence was presented at trial:

The State charged Appellant after two nieces by marriage disclosed multiple incidents of inappropriate, sexual contact. The jury convicted Appellant of one count of child molestation first degree after finding that he touched the genitals of one niece (Victim One) while she was between five and seven years of age and sleeping on the couch at Appellant's residence. At trial, Appellant argued that the victims fabricated their allegations out of their animosity toward him after divorcing their aunt. To support this theory, defense counsel asked Victim One if she overheard Coplin make a crude remark about having had sexual intercourse with her mother. Victim One confirmed she heard this statement.

On re-direct, the prosecutor asked Victim One: "How old was your mom when [Appellant] claims he had sex with her?" Defense counsel immediately objected and asked to approach the bench. Outside the presence of the jury and at a sidebar, Appellant requested a mistrial, arguing the question created the prejudicial implication that Coplin had engaged in sexual relations with another minor. The State countered that the defense "opened the door" to this line of questioning. The circuit court denied the mistrial motion but prevented the witness from answering the question. Following the court's ruling, Appellant did not request a curative instruction or any other relief. Appellant now appeals.

## Standard of Review

A circuit court has broad discretion in ruling on a request for a mistrial. *State v. Ward*, 242 S.W.3d 698, 704 (Mo. banc 2008). "A mistrial is a drastic remedy," warranted only in

"extraordinary circumstances in which the prejudice to the defendant cannot otherwise be removed." *Id.* This court reviews a circuit court's refusal to grant a mistrial for an abuse of discretion. *Id.* An abuse of discretion occurs only when a ruling is "clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* If reasonable persons can differ about the propriety of the circuit court's action, then no abuse of discretion occurred. *State ex rel. Webster v. Lehndorff Geneva, Inc.*, 744 S.W.2d 801, 804 (Mo. banc 1988). We presume discretionary rulings are correct and the appellant bears the burden of showing an abuse of discretion. *Id.* This court reviews for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial. *State v. Norris*, 237 S.W.3d 640, 644 (Mo. App. S.D. 2007).

**Discussion**

Appellant argues that the circuit court abused its discretion by refusing to grant a mistrial, claiming that the State's unanswered question created an irremediable prejudice by implying he had committed a similar, uncharged crime. We disagree and find the circuit court acted within its discretion.

A defendant can "open the door" to otherwise inadmissible evidence. *State v. Watson*, 391 S.W.3d 18, 23 (Mo. App. E.D. 2012). Where "the defendant has injected an issue into the case, the State may be allowed to admit otherwise inadmissible evidence in order to explain or counteract a negative inference raised by the issue defendant injects." *State v. Shockley*, 410 S.W.3d 179, 194 (Mo. banc 2013) (quoting *State v. Lingar*, 726 S.W.2d 728, 734-35 (Mo. banc 1987)). Here, defense counsel injected the Appellant's statement about Victim One's mother to suggest a motive for Victim One to fabricate her allegations. Understanding the risk and

3

potential consequences of this strategic decision, Appellant opened the door for the State to respond on re-direct examination. During a pre-trial conference, the circuit court cautioned counsel that introducing this topic could potentially open the door for the State to explore it. Aware of the consequences, counsel proceeded with the question, knowingly inviting the State's response to "explain or counteract a negative inference raised by . . . [Appellant]." *Id*.

Equally significant, the circuit court prohibited the witness from answering the question, which negated any potential prejudice. As a rule, "[q]uestions are not evidence, and even improper questions are generally not prejudicial if left unanswered." *State v. Huffman*, 445 S.W.3d 76, 81 (Mo. App. E.D. 2014). Appellant's argument that the question itself "carried the poison" is speculative. The court explicitly instructed the jury that a "question is not evidence, and may be considered only as it supplies meaning to the answer" and that they must "disregard the entire question" if an objection is sustained. A jury is presumed to follow the court's instructions. *State v. Minor*, 648 S.W.3d 721, 731 (Mo. banc 2022); *State v. McFadden*, 369 S.W.3d 727, 752 (Mo. banc 2012).

Furthermore, Appellant only requested the drastic remedy of a mistrial. For example, Appellant could have requested less severe, alternative relief, such as a curative, new instruction directing the jury to disregard the question. "The fact that a defendant limits his request for relief to that of a mistrial rather than making a request for a less drastic corrective action cannot aid him." *State v. Newton*, 689 S.W.3d 785, 791 (Mo. App. S.D. 2024) (quoting *State v. Vickers*, 560 S.W.3d 3, 28 (Mo. App. W.D. 2018)). When a defendant does not ask for a curative instruction, the failure to grant a mistrial is an abuse of discretion only if the prejudice could not have been removed by such an instruction. *Id.* (citing *State v. Carter*, 71 S.W.3d 267, 271 (Mo. App. S.D. 2002)). Coplin has failed to show that an instruction to disregard would have been insufficient to

address any potential prejudice. We defer to the circuit court considering it is in the "best position to determine whether the incident had a prejudicial effect on the jury." *Id.* at 792 (quoting *State v. Blurton*, 484 S.W.3d 758, 779 (Mo. banc 2016)).

Finally, the jury's verdict demonstrates a lack of prejudice. The jury acquitted Coplin on five of the six counts, including two other counts involving Victim One. Appellant argues that the improper question was decisive, compelling the jury to convict him on this sole count. This is pure speculation and "speculative allegations do not overcome the presumption that the jury followed the trial court's instructions." *McFadden*, 369 S.W.3d at 752. We cannot conclude that a one sentence question could be so prejudicial as to prompt a finding of guilt on one count yet spare Appellant on the other two allegations involving the same witness. Based on our review of the record in the light most favorable to the jury verdict, the jury found credible evidence implicating the Appellant of committing child molestation first degree involving Victim One, while properly disregarding any inference rooted in the unanswered question about the mother's age. The circuit court did not abuse its discretion in denying the motion for a mistrial. Point I is denied.

## Conclusion

We affirm the learned circuit court's judgment, Appellant's conviction and his sentence.

.

_____
Thomas C. Clark II, J.

Renée D. Hardin-Tammons, P.J., and
Angela T. Quigless, J., concur.